UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejo COTA–GUERRERO,
Defendant–Appellant.

No. 89–30082.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 1989 *.

Decided May 10, 1990.

As Amended July 13, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before CANBY, WIGGINS and FERNANDEZ, Circuit Judges.

## OPINION

CANBY, Circuit Judge:

Alejo Cota–Guerrero appeals the sentence he received for possession of a firearm by a felon. The district court departed from the guidelines recommendation of four to ten months in confinement, and imposed a sentence of two years. We vacate the sentence and remand the case to the district court.

## FACTS

Guerrero pled guilty to violating 18 U.S.C. § 922(g), which prohibits a convicted felon from possessing a firearm. The guidelines rate this offense at level 7. The probation officer filed a presentence report which contained information on 31 prior arrests, resulting in 22 convictions. For various reasons, the guidelines excluded many of these incidents from the calculation of Guerrero's criminal history score. Taking into account the eight remaining offenses, the probation officer assigned Guerrero a criminal history score of 6, which placed him in category III. The guidelines recommend a sentence of four to seven months for a level 7 offense by a category III criminal.

The district judge decided to depart from the guidelines recommendation. He explained his decision as follows:

In order to depart from the Sentencing Guidelines, the law requires this Court to make a finding that the Guidelines could not have taken into consideration the case at bar. In forgiving those crimes from point calculation which exceed a

Daniel D. Lorello, Yakima, Wash., for defendant-appellant.

certain time limitation,[1] from denying points for those cases where reprosecution was denied because of practical consideration,[2] and in denying points likewise for those assaultive crimes in which the witness refused to testify [3]—undoubtedly because of fear for themselves if they did—this Court cannot believe for a moment that the Guidelines took into consideration a record of your kind.

I don't know how many violations of law are reflected in this record—18 to 20, from start to today. For each of those you remember, you always seem to have a fairly glib explanation. The Court notes that in your prior conviction, there are six assaultive-type convictions, not including two or three cases where the victims refused to press charges.

It is the judgment of this Court that the Guidelines should be exceeded, and you're remanded to the custody of the Attorney General for a period of two years.

Transcript of Sentencing Hearing, March 9, 1989, at 6–7.

Guerrero appeals under 18 U.S.C. § 3742(a)(2) and (a)(3).

## DISCUSSION

Guerrero contends that the district court erred (A) by using certain information, excluded by the guidelines, as the basis for the departure sentence; (B) by denying him an opportunity to respond to information in the presentence report; and (C) by failing to use the recommended sentences for defendants in higher criminal history categories as a guide in setting the departure sentence. The first and third contentions involve application of the guidelines, and we review the district court's decisions *de novo*. *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989). The second contention involves a requirement of law, and on this issue we also review the district court's decision *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (*en banc*), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We agree that there were reversible errors in sentencing Guerrero; we therefore vacate the sentence and remand the case to the district court.

### A. *Information on Prior Criminal Conduct.*

Guerrero contends that the district court should not have considered (1) prior convictions that occurred outside the guidelines-specified time period, (2) a conviction that had been reversed, and (3) alleged offenses for which he was not prosecuted. Although there was nothing improper in the judge's consideration of the first two categories, he did err in considering the third.

■ The guidelines excluded from Guerrero's criminal history score fourteen convictions because they had occurred more than ten years prior to the offense for which he was being sentenced. *See* U.S.S.G. § 4A1.2(e) and note 1 *supra*. The guidelines also provided, however, that the court could consider these convictions if they were evidence of conduct similar to that involved in the current offense. *See* U.S.S.G. § 4A1.2, Commentary, Application Note 8. Among the prior convictions excluded for being too old were one for assault with a deadly weapon and another for assault and battery. Inasmuch as they show a propensity toward violence and a willingness to use force, these crimes may be viewed as similar to possession of a firearm by a felon. The judge, therefore, was entitled to consider them in deciding whether to depart.[4]

---

**1.** Apparently a reference to 14 prior sentences listed in the presentence report that were too old to be considered in calculating the criminal history score. *See* U.S.S.G. § 4A1.2(e)(1), (2), (3).

**2.** Apparently a reference to a sentence for indecent liberties with a child that was vacated when the conviction was reversed on appeal. *See* U.S.S.G. § 4A1.2(j).

**3.** Apparently a reference to separate allegations of rape and brandishing a weapon, neither of which was pursued because the alleged victims declined to press charges.

**4.** Guerrero argues that the requisite similarity did not exist because his current offense is a "status" crime (possession of a firearm *by a felon*), and status is not an element of any of the previous offense in question. Nothing in

■ Guerrero's criminal history score also failed to take account of his conviction for indecent liberties because it had been reversed on appeal. *See* U.S.S.G. § 4A1.2(j) and note 2, *supra.* However, the very commentary that excludes reversed convictions from the criminal history score also explicitly permits consideration of them in determining whether to depart under § 4A1.3, if the conviction "provides reliable evidence of past criminal activity." *See* § 4A1.2, Commentary, Application Note 6. Thus, the judge did not err in considering this information.

■ There was error, however, in the judge's consideration of the charges of rape and brandishing a weapon, for which Guerrero had not been tried.[5] In deciding whether Guerrero's criminal history score was inadequate, thereby warranting a departure, the court was entitled to consider "reliable information" of "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3. Nevertheless, the guidelines expressly prohibit the court from considering arrest records alone as evidence of such conduct when contemplating departure under § 4A1.3. *Id.* Yet, the information relating to these incidents in the presentence report appears to be based entirely on police records of arrest. Thus, in considering these incidents, the judge misapplied the guidelines.

### B. *Notice and Opportunity To Respond.*

■ The district court also erred by failing to advise Guerrero in advance of imposing sentence that it thought the criminal history category inadequate and intended to depart. *See United States v. Hedberg,* 902 F.2d 1427, 1428, 1429 (9th Cir.1990); *United States v. Nuno–Para,* 877 F.2d 1409, 1415 (9th Cir.1989). The fact that Guerrero's extensive criminal history appeared in the presentence report did not alleviate the need for specific notice of the court's intention. *See Nuno–Para* at 1415. The report neither recommended departure

nor identified the unrepresentative character of the criminal history score as a possible ground of departure. *Cf. United States v. Acosta,* 895 F.2d 597, 601 (9th Cir.1990) (presentence report's mention of several factors possibly warranting departure satisfied notice requirement). Given those circumstances, the court should have advised Guerrero "that it [was] considering departure based on a particular factor and allow[ed] defense counsel an opportunity to comment." *Nuno–Para,* 877 F.2d at 1415. Having received no such warning, Guerrero was deprived of "any meaningful opportunity" to address the court's concerns. *Id.*

### C. *Improper "Guided" Departure.*

■ The Sentencing Commission expressly anticipated cases such as Guerrero's, in which the district court would wish to depart because the criminal history category did not "adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. For these occasions, the Commission provided a number of specific directives. *See id.* Thus, in the scheme of the guidelines, the departure in the instant case was "guided", rather than "unguided", and is reviewable for its compliance with the direction provided. *See* U.S.S.G. Ch. 1, Part A, Introduction 4(b); *United States v. Cervantes,* 878 F.2d 50, 54 (2d Cir.1989).

The Commission advised that, if the criminal history category is under-representative of the defendant's past criminal conduct, the district court should "use, as a reference, the guideline range for a defendant with a higher ... criminal history category." U.S.S.G. § 4A1.3, p.s. There is no indication in the record, however, that the sentencing judge looked to a higher category as more representative of Guerrero's criminal past, and imposed a sentence in line with the recommendations for that

---

the guidelines or caselaw, however, supports this peculiar and narrow interpretation of the similarity requirement.

5. *See* note 3, *supra.*

category. On remand, the court should follow this procedure.

### CONCLUSION

We hold that the district court did not err in taking account of the older and reversed convictions, but that it did err in considering incidents for which a police record was the only available information. Because the court relied on at least one improper factor in sentencing, we vacate the sentence. *See United States v. Hernandez–Vasquez,* 884 F.2d 1314, 1315 (9th Cir. 1989). In addition, we hold that the court improperly failed to notify Guerrero in advance of sentencing that it planned to depart from the guidelines recommendation, and failed to refer to higher guidelines ranges in setting Guerrero's departure sentence. These errors are independent grounds for vacating the sentence.

The sentence is VACATED and the case is REMANDED to the district court for resentencing.