940 F.2d 1536
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael DIBARI, Alphonse Cuozzo, Defendants-Appellants.
 Nos. 90-10040, 90-10100.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1990.
Decided July 31, 1991.
 Before HUG, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Alphonse Cuozzo ("Cuozzo") and Michael Dibari ("Dibari") appeal their convictions for conspiracy to commit money laundering in violation of 18 U.S.C. Secs. 1956(a)(1)(B)(i) and 371. Specifically, Cuozzo and Dibari were accused of obtaining coins from the Continental Hotel and Casino ("Continental") by fraudulent acts involving gambling and cheating at gambling and then conspiring to exchange the coins for currency at Sam's Town Hotel and Casino ("Sam's"). We have jurisdiction to hear this appeal under 28 U.S.C. Sec. 1291. We affirm the convictions of Cuozzo and Dibari, but we vacate Cuozzo's sentence and remand it to the district court for resentencing.
 
 Cuozzo's and Dibari's Convictions
 
 3
 There is sufficient evidence to support a conviction if, in reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). This court must determine "whether a reasonable jury, after viewing the evidence in the light most favorable to the Government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 110 S.Ct. 179 (1989).
 
 
 4
 It is undisputed that the Government was required to prove each of the following elements beyond a reasonable doubt: (1) the conspiracy was willfully formed and was existing at or about the times alleged; (2) the defendants knowingly intended to commit the substantive offense; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. See, e.g., United States v. United States Gypsum Co., 438 U.S. 422, 443 n. 20 (1978); see also United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987); 18 U.S.C. Sec. 371. In order to prove Cuozzo and Dibari willfully agreed and intended to launder money within the meaning of section 1956, one of the elements the Government was required to establish beyond a reasonable doubt was that the property involved in the financial transaction did, in fact, represent proceeds obtained in violation of Nevada Revised Statutes ("N.R.S.") Sec. 465.070(3). 18 U.S.C. Secs. 1956(a)(1)(B)(i) and 1961(1). Section 465.070(3) provides:
 
 
 5
 It is unlawful for any person: To claim, collect or take, or attempt to claim, collect or take, money or anything of value in or from a gambling game, with intent to defraud, without having made a wager contingent thereon, or to claim, collect or take an amount greater than the amount won.
 
 
 6
 On appeal, Cuozzo and Dibari challenge only the sufficiency of the evidence produced by the Government at trial to prove this element, a violation of N.R.S. Sec. 465.070(3). Specifically, they claim the Government failed to prove beyond a reasonable doubt the coins Cuozzo and Debari laundered were, in fact, obtained in violation of N.R.S. Sec. 465.070(3). They do not claim the Government failed to prove any of the other elements of the offense beyond a reasonable doubt.
 
 
 7
 The Government presented the following evidence at trial to prove a violation of N.R.S. Sec. 465.070(3):
 
 
 8
 (1) Two anonymous callers told the Nevada Gaming Control Board that Cuozzo and Dibari were stealing coins from the slot machines at the Continental and detailed the methods of the theft;
 
 
 9
 (2) One Continental employee testified that on several different occasions she saw Dibari open Cuozzo's machine;
 
 
 10
 (3) The same employee testified that on different occasions she saw Dibari remove coins from open machines he was fixing and drop the coins in Cuozzo's tray;
 
 
 11
 (4) Other employees testified Dibari would sometimes open machines that were not being played;
 
 
 12
 (5) There was also testimony that when no one was around Dibari would stand with his back to an open machine and his hands inside the hopper area, looking around nervously;
 
 
 13
 (6) An employee testified that on one occasion he startled Dibari after Dibari had just shut one of the machines but was still holding a cup full of quarters in his hand;
 
 
 14
 (7) Although there was testimony to indicate that jackpots were never paid by opening a machine and removing money from the hopper, an employee testified he saw Dibari and Cuozzo filling several "racks" with dollar tokens that both Dibari and Cuozzo had removed from the hopper of a dollar machine that Cuozzo was playing;
 
 
 15
 (8) Cuozzo would always play in a corner where it was extremely difficult to observe what was going on;
 
 
 16
 (9) Dibari was often seen hanging around Cuozzo while he played the machines;
 
 
 17
 (10) On at least one of the occasions when Dibari opened Cuozzo's machine, it appeared Cuozzo put something under his coat; and finally
 
 
 18
 (11) Dibari had the keys to the machines.
 
 
 19
 In addition to this evidence, there was considerable testimony indicating Dibari and Cuozzo cashed in thousands of dollars worth of quarters at Sam's Town. There was also surveillance testimony, tape recordings, and items seized from Dibari's and Cuozzo's homes that supported an inference that they were stealing from the Continental. In fact, Cuozzo and Dibari conceded that the evidence raises an inference of illegal conduct; namely, stealing coins from the Continental.
 
 
 20
 All reasonable inferences in this case must be drawn in favor of the Government, and circumstantial evidence alone is sufficient to sustain a conviction. See United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986) (evidence of flight admissible as circumstantial evidence of guilt). In viewing the evidence in the light most favorable to the Government, we conclude that a rational jury could have found beyond a reasonable doubt that Cuozzo and Dibari violated N.R.S. Sec. 465.070(3).
 
 
 21
 Cuozzo and Dibari also challenge their convictions on a number of other grounds. After a careful review of the record and the applicable law, we find these contentions to be without merit. The convictions are affirmed.
 
 Cuozzo's Sentence
 
 22
 Cuozzo argues the district court sought impermissibly to impose identical sentences on the defendants. This required the district court to depart upward from the Sentencing Guidelines range as to Cuozzo.
 
 
 23
 The Government readily concedes it would be improper for the district court to depart from the applicable guideline range in order to equalize the sentences imposed on the two defendants. See United States v. Enriquez-Munoz, 906 F.2d 1356, 1360 (9th Cir.1990) (upward departure for purposes of equalization is not permissible). The Guidelines, however, do permit the district court to consider reliable information that indicates the criminal history category "significantly under-represents the seriousness of the defendant's criminal history" to justify imposition of a sentence that departs from the guideline range. See U.S.S.G. Sec. 4A1.3 (1989). Further, "if the government is able to show that a sentence imposed outside [the applicable] time period is evidence of similar misconduct ... the court may consider this information in determining whether to depart and sentence above the applicable guideline range." See U.S.S.G. Sec. 4A1.2 commentary (n. 8) (1989); see also United States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir.1990). Finally, section 5K2.0 of the Guidelines provides that "the court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " U.S.S.G. Sec. 5K2.0 (1989).
 
 
 24
 The court in United States v. Nuno-Para, 877 F.2d 1409 (9th Cir.1989), however, concluded that when the district court's statement of reasons for its upward departure contained improper as well as proper bases, it could not be determined whether any portion of the sentence was based on consideration of the improper factors. Id. at 1414. Consequently, the district court's departure should be declared invalid because of its reliance on improper factors. Id.
 
 
 25
 Here, it appears the district court relied on both permissible and impermissible factors when it departed upward. Although the district judge enumerated several factors that could support an upward departure, he also stated "it would really be unfair in this case to give you a lower sentence than that of your codefendant as well.... And I'm going to impose the same sentence that I imposed to Mr. Dibari." Consequently, the district court erred in justifying an upward departure on the basis that he was equalizing the sentence for Dibari and Cuozzo. Accordingly, we vacate Cuozzo's sentence and remand for resentencing.
 
 
 26
 AFFIRMED in Part, VACATED And REMANDED in Part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3