943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejo COSTA-GUERRERO, Defendant-Appellant.
 No. 91-30023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1991.*
Decided Sept. 13, 1991.
 
 Before EUGENE WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aleja Cota-Guerrero appeals his resentencing for possession of a firearm by a felon, 18 U.S.C. § 922(g) (1988). He contends that the district court's imposition of two years' supervised release on remand violated his right to due process. We affirm.
 
 
 3
 * In March 1989, Guerrero was sentenced to 24 months in prison after pleading guilty to violating 18 U.S.C. § 922(g). This court vacated the sentence and remanded for resentencing. United States v. Cota-Guerrero, 907 F.2d 87 (9th Cir.1990). On remand, the district court resentenced Guerrero to a term of 21 months followed by two years supervised release. He argues that the court acted vindictively by increasing his initial sentence and asks us to reverse the supervised release portion of his sentence.
 
 II
 
 4
 In North Carolina v. Pearce, 395 U.S. 711, 726 (1969), the Supreme Court held that a presumption of vindictiveness arises if the defendant, after successfully challenging his conviction, receives a sentence that is harsher and unexplained by "objective information occurring after ... the original sentencing." See also Alabama v. Smith, 490 U.S. 794, 799 (1989) (narrowing the application of the Pearce presumption).
 
 
 5
 A presumption of judicial vindictiveness will not arise if the new sentence is less severe than the sentence originally imposed. United States v. Bay, 820 F.2d 1511, 1513 (9th Cir.1987). Guerrero contends that the addition of two years' supervisory release to the sentence makes it more severe than the initial sentence since revocation of his supervised release could result in a 45 month term of incarceration.[1] Determining the proper method for calculating the severity of a sentence is an issue of law that we review de novo. Id.
 
 
 6
 An analogous situation arose in United States v. Montenegro-Rojo, 908 F.2d 425 (9th Cir.1990), where the appellant argued that because his supervised release could be converted to incarceration, his sentence was in excess of the statutory maximum and therefore improper. We pointed out that since appellant's potential additional incarceration described a "hypothetical situation that has not yet occurred in appellant's case," he lacked standing to argue the issue. Id. at 432 n. 9. Following this analysis, Guerrero lacks standing to argue that his potential for additional incarceration under the supervisory release element of his sentence makes his second sentence more severe than his initial one.
 
 
 7
 The issue remains, though, whether a term of 21 months' incarceration followed by two years supervised release is more severe than 24 months' incarceration. We need not reach this issue since no indication of vindictiveness is present here.
 
 
 8
 In vacating Guerrero's previous sentence, we indicated that the judge was entitled to consider his 14 prior convictions in determining whether to depart from the guidelines. United States v. Cota-Guerrero, 907 F.2d at 89. The district court properly considered these convictions on remand and increased Guerrero's criminal history category from three to six. It satisfied the Pearce test because it followed U.S.S.G. § 4A1.3 in increasing Guerrero's category.
 
 
 9
 The Supreme Court has said that the Pearce presumption of vindictiveness applies only where "there is a 'reasonable likelihood', that the increase in sentence is a product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Smith, 490 U.S. at 799-800 (citations omitted); see United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (9th Cir.1982). The court sentenced Guerrero to a term within the Guideline range. There was no unjustified departure to indicate vindictiveness.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government argues that because U.S.S.G. § 5D1.1. (a) requires a mandatory term of supervised release to follow imprisonment when a sentence of more than one year is imposed, it is unnecessary to determine whether Guerrero's second sentence is more severe than his first
 The government is in error. A district court has authority to amend a sentence sua sponte only during "that period of time in which either party may file a notice of appeal." United States v. Cook, 890 F.2d 672, 675 (4th Cir.1989); United States v. Strozier, Nos. 90-4057/4076 (6th Cir. July 29, 1991). In the present case, neither the government nor the district court realized that it had misinterpreted the guidelines within the applicable time period. As a result, this court must consider whether Guerrero's second sentence was more severe than his first.