963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES, Plaintiff-Appellee,
v.
Alexander WILLIAMS, III, Defendant-Appellant.
 No. 91-30261.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided May 14, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexander Williams pled guilty to fraudulent use of two Visa credit cards in violation of 18 U.S.C. § 1029(a)(2) (Supp.1992), and to making false statements in violation of 18 U.S.C. § 1001 (1976). The district court departed upward from the Sentencing Guidelines. Williams appeals the district court's upward departure.
 
 
 3
 This appeal was timely filed. See Fed.R.App.P. 4(b). We have jurisdiction under 28 U.S.C. § 1291 (1966 and Supp.1992) and affirm the district court's decision.
 
 
 4
 We review for clear error the district court's factual findings that an aggravating circumstance warrants upward departure. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). The extent of the district court's departure is reviewed for unreasonableness. Id. at 751.
 
 
 5
 A presentence report demonstrated Williams' extensive criminal history and arrest record. At sentencing, Williams conceded that he had an offense level of 10 and that he had a criminal history category of IV. This placed Williams in the sentencing range of 15 to 21 months. See U.S.S.G. § 4A1.1. Based on Williams' unscored criminal history, the district court made a one-category upward adjustment.
 
 
 6
 Williams argues that the district court improperly relied on arrest records. We agree that a prior arrest record, standing alone, cannot be considered as a basis for departure. See United States v. Cota-Guerrero, 907 F.2d 87, 90 (9th Cir.1990). However, the district court judge stated flatly that the arrest record was not the basis for the upward departure.
 
 
 7
 Prior convictions not used in computing the criminal history category may be used for departure purposes. U.S.S.G. § 4A1.3(a); U.S. v. Cota-Guerreo, 907 F.2d at 89 (trial court may depart upward based on a defendant's earlier convictions even if they occurred more than ten years earlier). In addition, the Guidelines permit the court to take into consideration for purposes of determining the extent of the departure any charges which the defendant may have pending at the time of sentencing. U.S.S.G. § 4A1.3(d) (whether a defendant was pending trial, sentencing, or appeal on another charge at the time of the instant offense is pertinent for departure purposes).
 
 
 8
 The government's sentencing calculations indicate that four prior convictions and six pending charges were excluded from Williams' criminal history calculations. Consequently, some of these convictions may be counted for departure purposes.[1] Taken together, Williams' two jostling convictions for 1976, his pending theft charge for 1984, and his pending narcotics charge for 1987 are sufficient to justify the upward departure to an analogous criminal history category V.
 
 
 9
 We find that the record is sufficient to affirm Williams' sentence. In light of Williams' continual unemployment, conviction record, and recidivism, the upward departure was reasonable. The district court did not err in making its upward departure.
 
 
 10
 The district court's decision is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams denies two of the remaining four convictions and four of the six pending charges. In deciding to depart upwards, the district court only counted prior convictions that had been excluded from the criminal history calculation and that had not been denied by Williams. Furthermore, the district court did not rely upon pending charges that had been denied by Williams when it decided to depart upwards