967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Blaine YOAKAM, Defendant-Appellant.
 No. 91-50651.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Blaine Yoakam appeals the district court's upward departure from the prescribed sentencing range under the Sentencing Guidelines, imposing a 57-month sentence for unarmed bank robbery. This court vacated Yoakam's first sentence and remanded for resentencing on the ground that in departing upward based on the inadequacy of his criminal history category, the district court failed to consider whether Yoakam's prior convictions were similar to the bank robbery. See United States v. Yoakam, No. 90-50202, unpublished memorandum disposition (9th Cir. Feb. 7, 1991). In this second appeal, Yoakam contends that in resentencing him, the district court erred by departing upward based on the finding that three prior convictions imposed outside the applicable Guidelines time period were similar to the bank robbery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Yoakam pleaded guilty to a bank robbery committed on April 13, 1989. From an adjusted offense level of 17 and a criminal history category of II, the district court calculated Yoakam's sentencing range at between 27 and 33 months. Yoakam also had the following three prior convictions for which no criminal history points were assessed: lewd or lascivious acts with a minor and rape with force and violence in Ventura County, California, in April 1965; assault with intent to commit rape while armed with a deadly weapon in Yolo County, California, in January 1972; and petty larceny and assault in Reno, Nevada, in August 1978. Based on the finding that these three convictions were similar to the bank robbery, the district court departed upward to the equivalent of criminal history category V and imposed a term of 57 months.
 
 
 4
 We review the district court's interpretation of the Guidelines de novo, and we review its fact findings for clear error. United States v. Helmy, 951 F.2d 988, 994 (9th Cir.1991).
 
 
 5
 The Guidelines provide that in computing the criminal history score, only the following types of prior sentences are counted: a prior sentence of imprisonment that exceeded one year and one month and was imposed or resulted in incarceration within fifteen years of the offense of conviction, or a prior sentence that was imposed within ten years of the offense of conviction. U.S.S.G. § 4A1.2(e)(1) and (2). "Any prior sentence not within the time periods specified above is not counted." U.S.S.G. § 4A1.2(e)(3).
 
 
 6
 Commentary to the Guidelines provides that "[i]f the government is able to show that a sentence imposed outside this time period is evidence of similar misconduct ..., the court may consider this information in determining whether to depart and sentence above the applicable guidelines range." U.S.S.G. § 4A1.2, comment. (n. 8); see United States v. Fine, 946 F.2d 650, 653 (9th Cir.1991) (courts cannot disregard, but rather must apply commentary, unless commentary and Guidelines cannot be construed consistently), en banc reh'g granted, 1992 WL 95780 (9th Cir. May 6, 1992). Yoakam contends that this commentary must be ignored because it is inconsistent with section 4A1.2(e)(3).
 
 
 7
 This contention lacks merit because section 4A1.2(e)(3) governs only the computation of the criminal history score; it does not address departures. See U.S.S.G. § 4A1.3 (district court may depart if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes"); United States v. Notrangelo, 909 F.2d 363, 367 (9th Cir.1990) (proper for district court to look to defendant's remote prior sentences as "reliable information" indicating that criminal history category did not reflect seriousness of defendant's past conduct).
 
 
 8
 Yoakam also contends that the district court erred by finding that the three prior convictions were similar to the bank robbery within the meaning of Application Note 8.
 
 
 9
 In determining whether a prior offense is similar to the offense of conviction within the meaning of Application Note 8, the district court may consider whether both offenses "show a propensity toward violence and a willingness to use force." United States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir.1990) (district court did not err by finding that prior convictions for assault with a deadly weapon and assault and battery were similar to possession of a firearm by a felon); see also United States v. Leake, 908 F.2d 550, 554 (9th Cir.1990) (remote fraud convictions were similar to passing forged checks, but remote assault and battery convictions were not). This court has not previously decided, and we need not now decide, whether when departing pursuant to section 4A1.3 the district court may consider only the elements of prior offenses, or also may inquire into the conduct underlying prior offenses. See Leake, 908 F.2d at 554 (considering only elements of prior offenses); Cota-Guerrero, 907 F.2d at 89 (same); cf. United States v. Sherman, 928 F.2d 324, 327 (9th Cir.) (in determining whether a prior conviction is a "crime of violence" for purposes of the career offender provisions of the Guidelines, this court does not look to the specific conduct underlying the conviction, but only to the statutory definition of the crime), cert. denied, 112 S.Ct. 133 (1991).
 
 
 10
 Here, the district court found that the three prior convictions were similar to the bank robbery under either type of analysis because all of the offenses involved danger to others or force and violence, and all of the offenses involved taking, whether of money or of another person's body.
 
 
 11
 Yoakam contends because he was convicted of unarmed rather than armed bank robbery, and threatened the bank teller only with a note, the district court erred by finding that the offense of conviction involved force and violence. This contention lacks merit whether we consider only the statutory definition of the offense or also consider the particular facts underlying Yoakam's conviction. See 18 U.S.C. § 2113(a) (defining unarmed bank robbery as "taking by force and violence, or by intimidation"); United States v. Selfa, 918 F.2d 749, 751 (9th Cir.) (holding that unarmed bank robbery is a crime of violence for purposes of the career offender provisions of the Guidelines), cert. denied, 111 S.Ct. 521 (1990).
 
 
 12
 Yoakam contends that the Ventura County rape did not involve force and violence because the government did not prove by a preponderance of the evidence that the victim was conscious and able to consent. The government introduced the complaint charging the rape and a probation report for a later offense stating that in Ventura County, Yoakam pleaded guilty to "sexual intercourse with [a woman] who was not his wife and who resisted but was overcome by force or violence or whose resistance was prevented by threats of great and immediate bodily harm accompanied by apparent power of execution," in violation of California Penal Code § 261(3)(4). This uncontroverted evidence established that Yoakam was convicted of forcible rape, a crime of violence. See Cota-Guerrero, 907 F.2d at 89.
 
 
 13
 Yoakam contends that the Yolo County sex offense did not involve force and violence because the government did not prove that he used a knife in the commission of the offense. Evidence introduced by the government showed that he pleaded guilty to two crimes, (1) assault with intent to commit rape and (2) use of a deadly weapon, in violation of California Penal Code § 12022. Accordingly, Yoakam's contention lacks merit. See id.
 
 
 14
 Finally, Yoakam contends that the Reno assault did not involve force and violence because under Nevada law he could have received a misdemeanor sentence for resisting a law enforcement officer. The conviction that Yoakam could have received is irrelevant; uncontroverted evidence showed that he pleaded guilty to assault. Moreover, at the sentencing hearing Yoakam testified that after he stole shoe cushions from a store, a security guard threw him to the ground. He also admitted, however, that he resisted the guard. The district court did not err by finding that the Reno assault involved force and violence. See id.
 
 
 15
 We conclude that the district court did not err by finding that all four offenses were similar becasue they involved danger to others or force and violence. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3