988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio SANTIAGO-LOPEZ, aka Antonio Tonio Santiago-Martinez,
Defendant-Appellant.
 No. 92-50064.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1992.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0857-WDK; William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Antonio Santiago-Lopez appeals his sentence imposed after pleading guilty to transferring false documents and possession with intent to transfer false documents. The basis for this appeal is the following: (1) the district court judge should have been recused because of demonstrated bias; (2) the district court erred twice by departing from the Sentencing Guidelines; and (3) even if proper, the departure was unreasonable.
 
 
 3
 The denial of a motion to recuse is reviewed for abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989). This Circuit has held that "[p]arties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." United States v. Frias-Ramirez, 670 F.2d 849, 853 n. 6 (9th Cir.), cert. denied, 459 U.S. 842 (1982). Appellant cannot overcome this rule. All of the statements pointed to by Appellant were made by the judge in the course of trying Appellant's case. Appellant has made no showing of a predisposed animus on the part of the district court.
 
 
 4
 With regard to Appellant's second argument, the Sentencing Guidelines permit the district court to depart upward when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. As part of this determination, the district court may consider "prior similar adult conduct not resulting in a criminal conviction." Id. § 4A1.3(e).
 
 
 5
 The district court based its upward departure in part on three offenses that did not result in a conviction: (1) Appellant's arrest at the Department of Motor Vehicle while holding false identification papers; (2) Appellant's arrest for applying for a driver's license with a counterfeit birth certificate; and (3) Appellant's arrest in an apartment where false government documents were found, including immigration and social security cards. The district court stated that these arrests constituted similar conduct and that the police reports were reliable information.
 
 
 6
 This court has recognized that the Guidelines expressly prohibit the sentencing court from considering arrest records alone as evidence of prior criminal conduct. Here, however, the information before the district court was not merely arrest records, but police reports that detailed the nature of the criminal conduct involved. Appellant relies upon our decision in United States v. Cota-Guerrero, 907 F.2d 87 (9th Cir.1990), but a careful reading of that case reveals that we were discussing arrest records and not police reports like those in this case. Id. at 90.
 
 
 7
 The district court did not abuse its discretion in denying an evidentiary hearing. See United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). The departure was not unreasonable, and the standards we set forth in Lira-Barraza were not violated. See United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3