8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley CARTER, Defendant-Appellant.
 No. 92-30408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 3, 1993.
Decided Sept. 29, 1993.
 
 Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.
 
 ORDER OF LIMITED REMAND
 
 1
 The defendant's sentence is vacated. The case is remanded and the district court is requested to clarify whether, under U.S.S.G. § 4A1.3 and § 4A1.2(e)(1), comment. (n. 8), it considered Carter's remote manslaughter conviction similar or dissimilar to the robbery conviction at issue.
 
 
 2
 At the time of sentencing, U.S.S.G. § 4A1.3 stated in part:
 
 
 3
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
 
 
 4
 (a) prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses);
 
 
 5
 * * *
 
 
 6
 U.S.S.G. § 4A1.3 (1992).
 
 
 7
 The commentary to U.S.S.G. § 4A1.2(e), Application Note 8, said in part:
 
 
 8
 Applicable Time Period: If the government is able to show that a sentence imposed outside this time period is evidence of similar misconduct ..., the court may consider this information in determining whether to depart and sentence above the applicable guideline range.
 
 
 9
 U.S.S.G. § 4A1.2(e), comment. (n. 8) (1992) (emphasis added).
 
 
 10
 The Sentencing Commission amended U.S.S.G. § 4A1.2(e), comment. (n. 8), effective November 1, 1992. Under the amendment, a sentencing court can consider a remote conviction if it is evidence of "similar, or serious dissimilar conduct." U.S.S.G., App. C, p. 297 (1992) (emphasis added). The amendment, however, does not apply retroactively. United States v. Smallwood, No. 92-50695, slip op. 9249, 9255 (9th Cir. Aug. 30, 1993), n. 7.
 
 
 11
 For purposes of § 4A1.3 and § 4A1.2(e), comment. (n. 8), crimes which show a propensity toward violence and a willingness to use force are similar. United States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir.1990). This court recently held that trespassing, resisting arrest, possession of dangerous drugs, carrying a weapon and impersonating a police officer are not similar to bank robbery. Smallwood, No. 92-50695, slip op. at 9255.
 
 
 12
 In light of Cota-Guerrero and Smallwood, the district court should determine whether Carter's remote manslaughter conviction is similar to his bank robbery conviction and give its reasons.
 
 
 13
 LIMITED REMAND.