December 16, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1403

 UNITED STATES,

 Appellee,

 v.

 EDIBERTO RAMIREZ,

 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this court issued on December 9, 1993 is
amended as follows:

 Page 5, line 7: Change "Ramirez'" to "Ramirez's".

 Page 5, line 24: Change first "was" to "is". 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1403

 UNITED STATES,

 Appellee,

 v.

 EDIBERTO RAMIREZ,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, Senior U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Cyr, Circuit Judges.
 

 

Francis R. Williams on brief for appellant.
 
Edwin J. Gale, United States Attorney, Margaret E. Curran and
 
Lawrence D. Gaynor, Assistant United States Attorneys, on brief for
 
appellee.

 

 December 9, 1993
 

 Per Curiam. Defendant-appellant Ediberto Ramirez
 

pleaded guilty to a two-count indictment which charged him,

after having been convicted of a felony, with possession of a

firearm and of ammunition, respectively, in violation of 18

U.S.C. 922(g). The presentence investigation report (PSI

Report) stated that Ramirez was observed firing the weapon in

a public place. Imposing sentence under the federal

sentencing guidelines and departing upward from the

applicable guideline sentencing range, the district court

sentenced appellant to a 37-month prison term and a 3-year

supervised release term. The court further ordered that

appellant be remanded to the custody of immigration

authorities for deportation proceedings upon his release.

Ramirez appeals from his sentence. We affirm.

 A.
 

 The PSI Report recommended that Ramirez be assigned

eleven criminal history points based on his prior criminal

convictions and on the fact that the instant offense occurred

while he was under a sentence of probation for a previous

offense. It then listed the following prior criminal conduct

as an adult: three charges of assault with a dangerous weapon

(once a broom handle, once a BB gun, and once a handgun), the

last of which is still pending; and one charge of driving to

endanger, death resulting (associated with a charge of

possessing a stolen motor vehicle), which is still pending.

Finally, the PSI Report listed two "factors that may warrant

departure": (1) that several of appellant's prior

convictions were consolidated for sentencing, and as a result

were "undercounted" in the calculation of his criminal

history score, and (2) that the offense of conviction was

committed while Ramirez was free on bail.

 In announcing its decision to depart upward, the

district court stated:

 I have reviewed the pre-sentence report
 and considered the objections of the
 defendant to an upward departure. It
 seems to me that this is a case in which
 upward departure is not only justified,
 it's required. We have a defendant who
 is 19 years or so old, who has never had
 a job so far as I can see, whose sole
 occupation is taking other people's
 property and who is escalating this
 conduct from assaulting somebody with a
 broomstick to firing a firearm in the
 air, the carrying of a firearm. It seems
 to me the charge itself that he's here on
 doesn't really indicate the seriousness
 of the conduct that's involved here and
 it seems to me that the computation
 significantly under-represents the
 seriousness of the past criminal conduct
 and the likelihood of the commission of
 further crime in the circumstance. Here
 the record pretty fairly shows that the
 defendant is content to accomplish
 nothing but violations of the law.
 Although he does indicate that he is
 sorry this happened, takes responsibility
 for it, it's pretty clear to me that this
 record doesn't justify, or this record
 results in under-representation. I'm
 going to depart
 ---

 . . .

 -3-

 You're 20 years old and you've never had
 a job and you tell me that you don't know
 anything about earning respect because
 you haven't been respected. Your mother
 has to work very hard to support you.
 It's about time you took some of the
 responsibility for what you do. It's not
 the alcohol that drives these cars away,
 get into accidents in which people get
 killed. Not the alcohol that does that.
 It's not the alcohol that steals the
 cars. You're apparently not so drunk
 that you can't steal a car and drive it.
 It's you driving the car, not the
 alcohol. It's you stealing and then
 escalating the cars one after another.
 It's you assaulting somebody with a
 broomstick and then a BB gun and then
 finally running around with a loaded
 pistol firing it in the air. It's not
 the alcohol that's firing that gun. It's
 not the alcohol that possesses that gun.
 It's you. How many other people's lives
 are in jeopardy because you don't take
 responsibility for what you're doing,
 until push comes to shove, until you're
 here and you know you're really facing
 some time, you know you're really going
 to jail for the first time. I think you
 need some time to think about what the
 future of your life is going to be,
 really, really think about it.

 The district court, by its reference to the PSI

Report in the context of elaborating the reasons for an

upward departure, appears to have based its decision to

depart, at least in part, on the two possible grounds for

departure suggested by the probation department. On appeal,

Ramirez raises no objection to either of those two grounds.

Rather, his sole challenge on appeal is to what he

characterizes as the district court's decision to depart

upward on the basis of his prior arrest record. 

 -4-

 His challenge has two prongs. First, he argues

that an upward departure on the basis of a prior arrest

record is forbidden by U.S.S.G. 4A1.3, which states that "a

prior arrest record itself shall not be considered under 

4A1.3." Second, he argues that the district court "had not

adequately explained the factual basis for its use of those

arrests as a ground for departure."

 B.
 

 We disagree with Ramirez's characterization of

the district court's departure as impermissibly based on his

prior arrest record itself. U.S.S.G. 4A1.3 states: "If

reliable information indicates that the criminal history

category does not adequately reflect the seriousness of the

defendant's past criminal conduct or the likelihood that the

defendant will commit other crimes, the court may consider

imposing a sentence departing from the otherwise applicable

guideline range. Such information may include, but is not

limited to, information concerning: . . . (e) prior similar

adult criminal conduct not resulting in a criminal

conviction." To be sure, the guideline goes on to state that

"a prior arrest record itself shall not be considered" for

this purpose. But, so long as that limitation is observed,

prior similar adult criminal conduct is a basis on which the

Sentencing Commission has "encouraged" upward departures.

United States v. Rivera, 994 F.2d 942, 948 (1st Cir. 1993).
 

 -5-

We conclude that the district court's upward departure is

permissible if it was made on the basis of reliable evidence

of prior similar adult criminal conduct, even though the

conduct did not result, or had not yet resulted, in

convictions.

 C.
 

 We turn next to whether the particular

circumstances cited by the district court "are of a kind or

degree that they may appropriately be relied upon to justify

departure." Id. at 950. In this instance, that question
 

boils down to whether the prior conduct is "similar" to the

offense of conviction, as required by U.S.S.G. 4A1.3(e).

 The offense of conviction, again, is possession of

a firearm, under circumstances in which Ramirez, in a public

place, discharged the firearm in the air. The similarity

between this offense and appellant's prior alleged conduct

involving assault with a broom handle, a BB gun, and a

handgun, -- possession and/or threatened use of a dangerous

weapon -- is clear. See United States v. Tabares, 951 F.2d
 

405, 411 (1st Cir. 1991) (assuming that prior conduct

involving possession of a dangerous weapon and assault with a

deadly weapon was similar to possession of a firearm); United
 

States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir. 1990)
 

("Inasmuch as they show a propensity toward violence and a

willingness to use force, these crimes [assault with a deadly

 -6-

weapon and assault and battery] may be viewed as similar to

possession of a firearm by a felon").

 The similarity between the instant firearm offense

and the prior conduct of driving to endanger, death

resulting, is less obvious. Nevertheless, we find -- with

appropriate respect for the district court's superior "feel"

for the particular circumstances of the case, Rivera, 994
 

F.2d at 951-52 -- that, at least under the circumstances

present here, the offenses are sufficiently "similar" to form

part of the justification for an upward departure under

U.S.S.G. 4A1.3.

 The district court stated clearly that its

paramount concern was appellant's record of "escalating"

recidivism -- a pattern of conduct suggesting to the court

that Ramirez did not care "[h]ow many other people's lives

are in jeopardy" because Ramirez did not take responsibility

for his own acts. Appellant's prior alleged conduct of

driving to endanger, death resulting, like the instant

firearms offense, displays a reckless indifference toward

human life. The two crimes can, therefore, reasonably be

viewed, at least under present circumstances, as "similar"

offenses. Cf. United States v. Moore, 931 F.2d 3, 4 (1st
 

Cir. 1991) (treating as "similar" offenses that "reveal . . .

the same sort of dishonesty and misappropriation of other

people's property").

 -7-

 D.
 

 The remaining question -- since appellant has not

challenged the "degree" of departure, see Rivera, 994 F.2d at
 

950 -- is whether "the evidence . . . supports the departure-

related findings of fact." Id. In other words, did the
 

district court base its ruling on "reliable information" of

"prior similar adult criminal conduct not resulting in a

criminal conviction" that indicates "that the criminal

history category does not adequately reflect the seriousness

of the defendant's past criminal conduct or the likelihood

that the defendant will commit other crimes"? U.S.S.G. 

4A1.3. We think this query merits an affirmative answer. 

 In Tabares, 951 F.2d 405, we upheld a district
 

court's upward departure on the basis of three prior criminal

charges (possession of a dangerous weapon and two assaults

with a deadly weapon) that had not resulted in convictions.

All three prior charges had been dismissed for reasons

unrelated to the merits. We determined that the PSI Report's

account of these prior instances constituted "reliable

information" to support an upward departure. Id. at 411. In
 

the process, we noted specifically defendant's "failure to

contest the facts and the absence of any acquittal,"

circumstances that left little "doubt that these acts

occurred." Id.; see also United States v. Torres, 977 F.2d
 

 -8-

321, 330 (7th Cir. 1992) (observing that, "[w]hen a defendant

has an opportunity to and fails to object to the facts,

information, and records used to support a departure [on the

basis of prior similar adult criminal conduct], there is

little reason to question a district court's decision");

United States v. Gaddy, 909 F.2d 196, 201 (7th Cir. 1990)
 

(similar).

 These authorities get the grease from the goose.

In this case, the PSI Report contains descriptions, taken

from the original case files, of the conduct that led to each

of the prior charges. In this case, as in Tabares, appellant
 

received a full opportunity to object to these descriptions,

and he raised no objections. The district court plainly

relied on these descriptive accounts of appellant's prior

conduct, not on the mere fact of prior arrests. And, there

can be no question of the seriousness of the conduct alleged

in these charges. Under the same reasoning we applied in

Tabares, therefore, we find that the evidence of record
 

adequately supports an upward departure on the basis of prior

similar adult criminal conduct.

 E.
 

 Turning to appellant's final argument -- that the

district court did not adequately explain the factual basis

for its use of the prior charges as a ground for departure --

we acknowledge that the court's discussion of its reasons for

 -9-

departure might, in one respect, fall slightly short of the

requirements set forth in Rivera, 994 F.2d 942. The district
 

court's remarks leave some ambiguity about whether the court

relied, at least in part, on the two grounds for upward

departure recited in the PSI Report. In other words, the

district court did not expressly explain its reasoning with

regard to those two grounds. Appellant, however, has not

challenged the district court's use of these grounds, so any

error is necessarily harmless.

 As to the remaining ground for departure, based on

appellant's prior alleged criminal conduct, the district

court did set forth its reasoning in adequate detail. The

court explained its concern that the guideline sentence

understated the potential for "escalating" recidivism

suggested by appellant's prior conduct. No more was

exigible.1

 F.
 

 We need go no further. On this record, appellant's

sentence was lawfully constructed and imposed.

 

1. Even if we assume, arguendo, that the district court did
 
not adequately explain its analysis under the Rivera
 
standard, we are mindful that appellant was sentenced before
this court decided Rivera. We have recognized that Rivera
 
looked to the future: "In future cases we would expect, in
line with our general discussion in Rivera, a very deliberate
 
discussion of the factors making the case unusual. But we
see no purpose served in this case, decided below without the
benefit of our recent guidance, in remanding to make explicit
what was implicit." United States v. Sclamo, 997 F.2d 970,
 
974 (1st Cir. 1993). So it is here.

 -10-

 Affirmed.
 

 -11-