26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley CARTER, Defendant-Appellant.
 No. 92-30408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 3, 1993.
Decided June 9, 1994.
 
 Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We vacated the defendant's sentence and ordered a limited remand. We asked that the district court clarify whether, under the 1991 version of U.S.S.G. Sec. 4A1.3 and Sec. 4.A1.2(e)(1), comment. (n. 8), it considered the defendant's remote manslaughter conviction similar to the robbery conviction at issue. We affirm the court's decision that the manslaughter and robbery convictions are similar and a proper basis for an upward departure under Sec. 4.A1.2(e)(1), comment. (n. 8).
 
 The court said:
 
 3
 I find that defendant's prior manslaughter is evidence of similar conduct to this offense. Information from the presentence report reflects that in the manslaughter offense, defendant fought and stabbed the victim, while in this offense of bank robbery, defendant placed a teller in fear by the language in a note he gave to her. He had with him at the time a dye pack and a Colt Python .357 magnum air pistol. As such, these offenses are similar in that they show a propensity toward violence and a willingness to use force. The similarity of these offenses is a proper basis for an upward departure pursuant to U.S.S.G. Sec. 4A1.2, Commentary Application Note 8 (1991).
 
 
 4
 We agree. Crimes which show a propensity toward violence and a willingness to use force are similar. United States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir.1990).
 
 
 5
 In our order of limited remand, we said that the November, 1992 amendment to U.S.S.G. Sec. 4A1.2(e), commentary (n. 8) does not apply retroactively.[1] We relied on United States v. Smallwood, 3 F.3d 1217 (9th Cir. Aug. 30, 1993). Smallwood has since been withdrawn. 19 F.3d 1317 (9th Cir. Mar. 30, 1994). We need not determine whether the amendment applies retroactively. Because the court decided that the manslaughter and robbery convictions are similar, it did not need to rely on retroactive application of the amendment to justify its departure.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1991 version of the commentary says that the sentencing court could consider remote convictions that were evidence of "similar misconduct." The amendment changed this to evidence of "similar, or serious dissimilar conduct." U.S.S.G., App.C. p. 297 (1992) (emphasis added)