**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Darrell Lee HERMUNDSON,
Defendant—Appellant.**

**No. 01–10317.**

**D.C. No. CR–96–00403–SMM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 2002.*

Decided Jan. 14, 2002.

Before CHOY, CANBY, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Darrell Lee Hermundson appeals his sentence for kidnaping, imposed on resentencing that we ordered in his prior appeal. *See United States v. Hermundson,* No. 97–10497, 2000 WL 32063 (9th Cir. Jan.14, 2000) (mem). His sole contention is that the district court erred in departing upward to Criminal History Category IV on the ground that Hermundson's prior criminal history was under-represented. We affirm.

Hermundson concedes that we approved an identical criminal history departure when we disposed of his prior appeal. The government does not contend that our prior ruling is the law of the case, and its position is appropriate because the present appeal is from an entirely new sentence. *See United States v. Caterino,* 29 F.3d 1390, 1395–96 (9th Cir.1994), *overruled on other grounds, Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *United States v. Allen,* 153 F.3d 1037, 1043 (9th Cir.1998). But the reasoning of our prior memorandum remains valid. Under-representation of Hermundson's criminal history is a valid ground of departure. *See* U.S.S.G. § 4A1.3(a) (2000). And the district court did not abuse its discretion in finding that the likelihood of recidivism called for an upward departure. *See United States v. Connelly,* 156 F.3d 978, 985 (9th Cir.1998). The district court was not compelled to find that Hermundson's conduct in prison since his arrest demonstrated that recidivism was unlikely.

Contrary to Hermundson's contention, his stale conviction for rape was for a crime sufficiently similar to his kidnaping crime to permit upward departure. *See* U.S.S.G. § 4A1.2 application n. 8. Both crimes indicated a tendency to take women by force. *See United States v. Cota–Guerrero,* 907 F.2d 87, 89 (9th Cir.1990) (conviction for assault with deadly weapon and assault and battery sufficiently similar to crime of felon in possession of firearm because both "show a propensity toward violence and a willingness to use force").

Hermundson asserts that his other criminal history points were for minor crimes, but does not contend that his history was improperly calculated. We find no error.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nor is there anything in the record to support Hermundson's assertion that the taint of the uncharged rape of his kidnaping victim improperly influenced the district judge in imposing the criminal history departure.

Our review of departures authorized by the Guidelines is deferential. *See Koon v. United States*, 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). There was no abuse of discretion here. The judgment of the district court is

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**B.D., a juvenile, Defendant—Appellant.**

**No. 01–30036.**

**D.C. No. CR–00–00076–DWM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Jan. 14, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** District Judge.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.