**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerald Lee LITTLEHEAD,
Defendant—Appellant.**

No. 06–30648.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Oct. 17, 2007.

Joseph E. Thaggard, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM *

We reject Littlehead's argument that the evidence was insufficient under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in light of his

* This disposition is not appropriate for publica-   tion and is not precedent except as provided

self-defense and defense of a third person theory. The number of stab wounds, the use of a knife and Littlehead's subsequent statement to a friend that he "fucked up" when he "snapped" and "stabbed" the victim, sufficed as evidence for the jury to reject these theories.

■ We vacate Littlehead's sentence because Federal Rule of Criminal Procedure 32(h) requires a district court to give "reasonable notice that it is contemplating . . . a departure" from the applicable Sentencing Guidelines range "on a ground not identified for departure either in the presentence report or in a party's prehearing submission." See *Burns v. United States,* 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). The judge did not announce at the outset of the sentencing hearing that he was contemplating a departure. See *United States v. Hernandez,* 251 F.3d 1247 (9th Cir.2001). Nor did the judge otherwise notify the parties by a written notice or order prior to the sentencing hearing, that an upward departure might be imposed. The presentence report did not provide sufficient notice. Though the presentence report included a discussion of Littlehead's criminal history, as all presentence reports do, it did not identify it as a possible ground for upward departure. Therefore, the judge could not rely on the history of violence documented in that report as a reason for departing upward from the guidelines without first giving notice of his intention to do so. See *United States v. Cota–Guerrero,* 907 F.2d 87, 90 (9th Cir.1990).

We held in *United States v. Evans–Martinez,* 448 F.3d 1163 (9th Cir.2006), that the Rule 32(h) notice requirement survives *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Our decision to vacate the sentence does not imply that the sentence was unreason-

able under 18 U.S.C. § 3553, nor does it imply error in the Guidelines calculation. The district judge, however, must articulate the reasons for the guidelines calculation and his § 3553 analysis upon resentencing. We leave to the district court to determine whether it should await resentencing Littlehead until the Supreme Court issues its decision in *United States v. Gall,* 446 F.3d 884 (8th Cir.2006) cert. granted, —— U.S. ——, 128 S.Ct. 18, 168 L.Ed.2d 794 (2007).

Littlehead argues that instructing the jury on both murder and manslaughter was erroneous under a 1973 District of Columbia Circuit decision, *United States v. Alexander,* 471 F.2d 923 (D.C.Cir.1973), and our decision in *United States v. Quintero,* 21 F.3d 885 (9th Cir.1994). *Alexander,* a decision not controlling in this circuit, involves different language from our case in the manslaughter instruction, and Littlehead evidently relies on dicta or dissenting language (it is not clear which) critical of the instruction in that case even though the court affirmed. *United States v. Alexander,* 471 F.2d at 941–944. Our decision, *United States v. Quintero,* 21 F.3d at 888, holds that the defendant made a sufficient showing to get a lesser included instruction, and that there was sufficient evidence for the manslaughter verdict, as we affirmed the conviction. It mentions in dicta that *Alexander* "suggested" instructional language on manslaughter, but does not purport to require the language. *Id.* at 890 n. 3.

The conviction is AFFIRMED. The sentence is VACATED and the case is REMANDED for resentencing.