**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge RAMIREZ ACOSTA,**
**Defendant–Appellant.**

**No. 89–10050.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 1989.[*]

Decided Feb. 2, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Richard G. Cenci, Fresno, Cal., for defendant-appellant.

Lawrence Lincoln, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

PREGERSON, Circuit Judge:

Jorge Ramirez Acosta pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced him to 100 months in custody, a departure from the Federal Sentencing Guidelines ("guidelines") range of 46–57 months. On appeal, Acosta contends that: (1) the district court failed to give him notice of and an opportunity to be heard on the court's decision to depart from the guidelines; (2) the district court failed to specifically identify aggravating circumstances not accounted for by the guidelines in explaining its departure from the guidelines; and (3) the district court's departure from the guidelines was unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

## BACKGROUND

After Acosta pleaded guilty to bank robbery, a sentencing hearing was set for September 26, 1988. A presentence report prepared by the U.S. Probation Office calculated a guidelines sentencing range of 46–57 months, but recommended departure from the guidelines based on Acosta's extensive criminal history, membership in a prison gang, parole violations, and dangerousness. The presentence report recommended a sentence of 210 months. Acosta contested the presentence report, and the Probation Office amended the report and offered information in support of its original report. At the September 26, 1988 sentencing hearing, Acosta requested new counsel. The district court terminated the hearing, and later appointed new counsel. Acosta again filed objections to the presentence report as amended by the Probation Office. On De-

cember 21, 1988, the district court issued its Findings and Order in response to all of Acosta's objections to the presentence report.[1]

Acosta's sentencing hearing was continued to January 18, 1989. At the hearing, both Acosta's counsel and government counsel commented on the presentence report. The district court then sentenced Acosta to 100 months in custody. In departing from the guidelines, the court identified the following factors:

(1) Acosta had been convicted of assault with intent to commit murder, the use of a weapon in the commission of a robbery, armed robbery, and receipt of stolen property;

(2) Acosta had violated parole; and

(3) Acosta had been recently arrested for possession of narcotics paraphernalia.

The court concluded that this record "demonstrate[d] an inability to respond or operate in the rules that society imposes on all of us."

## STANDARD OF REVIEW

■ When reviewing departures from the sentencing guidelines, this court first determines whether the departure is permissible, and then determines whether the sentence imposed is unreasonable. *United States v. Borrayo*, 898 F.2d 91 (9th Cir.1989); *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989).[2]

## DISCUSSION

### I. *Notice*

Acosta argues that he was not given notice of and an opportunity to be heard

---

1. The district court order indicated that:
   (1) The court would consider a prior burglary count, with which Acosta was originally charged before pleading guilty to a lesser crime (receipt of stolen goods), in imposing sentence;
   (2) The court would not consider Acosta's alleged gang activities in imposing sentence;
   (3) The court would consider two robberies with which Acosta was actually charged in imposing sentence, but would not consider robberies for which Acosta was not charged; and
   (4) The court would consider Acosta's two parole violations in imposing sentence.

The district court also noted that Acosta's lifestyle "suggest[ed] a drug dependency."

2. This court has not yet determined what standard of review applies to appeals of a district court's determination to depart, or not to depart, from the guidelines. We need not decide that question, however, where, as in this case, we conclude that the district court's determination was correct whether we review it de novo or under a more deferential standard. *See United States v. Borrayo*, at 93.

concerning the factors on which the district court based its departure from the guidelines because the district court did not state, in its Findings and Order of December 22, 1988, that it was considering departing from the applicable guideline range. Acosta's contention of inadequate notice raises two issues: whether the district court was required under the guidelines to inform Acosta in its December 22, 1988 order, which resolved disputes over information contained in the presentence report, that the court was considering a departure from the guidelines; and, if not, whether Acosta otherwise received adequate notice.

A. *December 22, 1988 Order:*

The guidelines outline procedures for district court resolution of disputes over factors included in presentence reports. Section 6A1.3 of the guidelines provides that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." Guidelines § 6A1.3(a). The guidelines further state that

> [t]he court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P...., notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence.

Guidelines § 6A1.3(b).[3]

■ Acosta contends that his right to adequate notice concerning possible grounds for departure from the guidelines was violated because the district court did not expressly state that it intended to depart from the guidelines in its December 22, 1988 Order. This argument is apparently based on a contention that the guide-

lines require specific notice of intention to depart in district court orders resolving disputes under section 6A1.3. However, nothing in the guidelines requires that the district court notify parties, when resolving disputes over factors found in a presentence report pursuant to section 6A1.3, of its intention to depart from the guidelines. Under section 6A1.3, the district court must only notify parties of any tentative findings made regarding disputed presentence report factors—whether or not those factors are identified in the presentence report as possible grounds for departure. *See* Guidelines § 6A1.3, at 6.2–6.3. Acosta cites no case authority for his interpretation of the guidelines, and apparently none exists.

■ The record shows that the district court correctly followed the guidelines in resolving factors disputed by Acosta. Both Acosta and the probation office were allowed to submit information regarding the disputed factors. The district court resolved these disputes, notified the parties of its findings in its December 22, 1988 Order, and heard argument on the presentence report before imposing sentence. This is what section 6A1.3 required.

B. *Adequate Notice:*

■ We have held that the notice requirements of Fed.R.Crim.P. 32 apply to district court departures from the sentencing guidelines. *See United States v. Nuno–Para,* 877 F.2d 1409, 1415 (9th Cir. 1989). Accordingly, the question remains whether Acosta otherwise received adequate notice of the factors considered possible grounds for departure from the guidelines by the district court. Where a district court is considering departure from the applicable guideline range, Rule 32(a)(1) requires that

**3.** Rule 32(a)(1) of the Federal Rules of Criminal Procedure provides in relevant part:

Prior to the sentencing hearing, the court shall provide the counsel for the defendant ... with notice of the probation officer's determination ... of the sentencing classification and sentencing guideline range believed to be applicable to the case. At the sentencing

hearing, the court shall afford the counsel for the defendant and the attorney for the Government an opportunity to comment on the probation officer's determination and on other matters relating to the appropriate sentence.

Fed.R.Crim.P. 32(a)(1).

the presentence report or the [sentencing] court ... inform the defendant of the factors that they consider to constitute grounds for departure. This requirement is not satisfied by the fact that the relevant information is present in the presentence report. Rather, such information either must be identified as a basis for departure in the presentence report, or, the court must advise the defendant that it is considering departure based on a particular factor and allow defense counsel an opportunity to comment.

*Id.* (citations and footnote omitted).

This requirement was met in the present case. The presentence report identified several factors possibly warranting departure from the guidelines. Acosta was given ample opportunity to comment on those factors. In fact, the district court expressly avoided any reliance on certain presentence report factors when it departed from the guidelines in response to Acosta's objections. All of the factors identified as bases for departure by the court when it imposed sentence were listed as possible departure grounds in the presentence report and commented upon by Acosta's counsel before sentencing. Acosta was given a "meaningful opportunity to comment." *See Id.*[4]

## II. *Aggravating Circumstances*

Acosta argues that the district court erred by not expressly identifying the factors upon which it based the departure as aggravating or mitigating circumstances not accounted for in the guidelines. He relies on section 5K2.0 of the guidelines, which states:

Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by

the Sentencing Commission in formulating the guidelines."

Guidelines § 5K2.0, at 5.42–5.43.

■■■ A sentencing judge departing from the applicable guideline range must state specifically his or her reasons for doing so. *See* 18 U.S.C. § 3553(c)(2). There is, however, no requirement that the sentencing judge recite the specific language of 18 U.S.C. § 3553(b). In *U.S. v. Michel*, 876 F.2d 784, 786 (9th Cir.1989), this court vacated a district court sentencing order where a "conclusory statement" did not clearly identify a specific aggravating circumstance not adequately considered by the sentencing commission. In *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989), we vacated a sentence because the conclusory statement by the district court was inadequate to permit "meaningful appellate review" of the district court's departure from the guidelines. We stated in *Wells* that the district court must "point to specific aspects of [the defendant's] criminal history which it believes have not been taken into account adequately by the Commission's guidelines." *Id.*

In this case, the sentencing judge clearly and specifically identified the factors upon which it based its decision to depart from the guideline range. The record indicates that the district court concluded that Acosta's extensive criminal history, including parole violations, was inadequately accounted for in the guideline range, and that Acosta was unable to operate within society's rules and, therefore, likely to commit further crimes. Departure from the guidelines is permissible where "the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." Guidelines § 4A1.3 at 4.9 (Policy Statement). *See also United States v. Lucatero*, No. 89–30033, slip op. at 13745 (9th Cir. Nov. 20, 1989); *United States v. Hernandez–Vasquez*, 884 F.2d 1314, 1316 (9th Cir.1989). The mere failure of the district court to recite certain statutory language was not error.

---

**4.** Acosta makes no argument on appeal that inadequate notice of departure from the guidelines violated his Fifth Amendment right to due process. We, therefore, do not address that question.

## III. *Extent of Departure*

 Finally, Acosta argues that the extent of the district court's departure was unreasonable. Our determination whether the sentence imposed was unreasonable "is guided by the purposes of the sentencing, and the reasons the sentencing court gave if it departed from the guidelines." *United States v. Borrayo,* slip op. at 12030 (citing 18 U.S.C. § 3742(d)(3)).

Based on its conclusion that Acosta's extensive criminal history was not adequately accounted for in the guideline range of 46 to 57 months, the presentence report recommended a departure of over 150 months, to 210 months. After a full hearing, and citing Acosta's extensive criminal history and the likelihood of continued criminal activity, the district court set a sentence of 100 months. That sentence, while outside the applicable guideline range, was significantly less than the sentence recommended in the presentence report. Given the seriousness of Acosta's past offenses, the extent of his criminal history and the apparent likelihood of future criminal activity, the sentence of 100 months was reasonable.

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.