**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary Alvin HEDBERG, aka/Dennis J.
Antenucci, Defendant–Appellant.**

No. 89–30114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided May 9, 1990.

T. Jeffrey Keane, Carney, Stephenson, Badley, Smith & Spellman, Seattle, Washington, for defendant-appellant.

Robert H. Westinghouse, Asst. U.S. Atty., Seattle, Washington, for plaintiff-appellee.

Before BROWNING, ALARCON and Ann RYMER, Circuit Judges.

ALARCON, Circuit Judge:

Gary Alvin Hedberg appeals from the district court's sentence of twenty-seven months imposed after Hedberg pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, one count of misapplication of bank funds in violation of 18 U.S.C. § 656, and one count of mail fraud in violation of 18 U.S.C. § 1341. Specifically, Hedberg argues that the district court improperly applied an upward departure from the Sentencing Guidelines.

■ Hedberg argues that the district court did not give him adequate notice that it would consider the exploitation of "third-party" victims as a basis for departing from the Guidelines. We have previously determined that "Fed.R.Crim.P. 32(a)(1) and section 3553(d) indicate that the presentence report or the court must inform the defendant of factors that they consider to constitute grounds for departure." *United States v. Nuno–Para*, 877 F.2d 1409, 1415 (9th Cir.1989) (citing *United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989)). To satisfy the notice requirement, it is not necessary that the defendant be notified by the trial court of the possibility of an upward departure *prior* to the sentencing hearing. *See United States v. Michael*, 894 F.2d 1457, 1462 (5th Cir.1990) (court not required to give defendant notice of departure prior to sentencing hearing "if it intends to ignore the [presentence report]'s recommendation"). Defense counsel, however, must be accorded an opportunity to comment on the potential grounds for departure prior to the imposition of sentence. *Nuno–Para*, 877 F.2d at 1415.

## I.

The Government, in its Sentencing Memorandum, argued that a six-month vulnerable victim adjustment to Hedberg's sentence would be appropriate because of Hedberg's conduct toward Dixie Antenucci, a woman with whom Hedberg maintained a close personal relationship. Section 3A1.1 of the Sentencing Guidelines provides: "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." Sentencing Guidelines, § 3A1.1. The Government argued that Dixie Antenucci qualified as a victim of Hedberg's crimes because he had placed embezzled funds in her bank account and had fraudulently borrowed against her life insurance policy.

At the sentencing hearing, after listening to Hedberg and his counsel, the district court concluded that a vulnerable victim adjustment was inappropriate because the defrauded bank and the insurance company were the "technical" victims of the crimes alleged in the indictment. The district court then announced, however, that it would impose a six-month upward departure "because there are factors in this case which were not considered and could not be considered by the Sentencing Commission in adopting the guideline range." The court stated that departure was appropriate because Hedberg had victimized Rogene Abrams, a bank teller who aided him in his crime, and Dixie Antenucci in a manner not considered by the Sentencing Commission.

■ In reviewing departures from the Sentencing Guidelines, we must determine first whether the departure is permissible and second, whether the resulting sentence is unreasonable. *United States v. Acosta*, 895 F.2d 597 (9th Cir.1990) (citing *United States v. Borrayo*, 898 F.2d 91 (9th Cir. 1989) and *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989)).

## II.

■ A defendant has received adequate notice if "[a]ll of the factors identified as bases for departure by the court when it imposed sentence were listed as possible departure grounds in the presentence re-

port and commented upon by [defendant's] counsel before sentencing." *Acosta,* 895 F.2d at 601.

The presentence report in the instant matter stated that "[t]here appear[ ] to be no specific factors which would warrant a departure from the established guidelines in this case." Thus, it did not provide Hedberg with notice that the court would consider a departure from the Sentencing Guidelines.

The Government's Sentencing Memorandum did not contain a recommendation to the court that it should consider an upward departure. Instead, the Government argued that the victimization of Dixie Antenucci would support adjustment to Hedberg's sentence *within* the Sentencing Guidelines. Moreover, the Government did not recommend that a vulnerable victim adjustment should be applied in relation to Hedberg's conduct toward Abrams. At the sentencing hearing, although counsel for the Government noted the reprehensibility of Hedberg's conduct, he informed the district court that he could not "in good conscience find reasons to urge the court to depart."

Hedberg was not made aware by the presentence report that the district court would consider his manipulation of Rogene Abrams and Dixie Antenucci to further his criminal goals as grounds for departure from the Sentencing Guidelines. Furthermore, the district court pronounced sentence without informing counsel beforehand that the alleged victimization of the two women appeared to justify a departure. Thus, his attorney did not have an opportunity to argue against an upward departure. Because Hedberg was not given notice of a proposed upward departure, and had no opportunity to assert a defense, he must be resentenced.

### III.

Hedberg also argues for the first time on appeal that there is no basis in the record for the district court's finding that Dixie Antenucci and Rogene Abrams were harmed or its conclusion that this type of victimization was not considered by the Sentencing Commission in drafting the Sentencing Guidelines. Hedberg did not present these issues to the district court prior to sentencing because he lacked notice that the court would impose an upward departure. Because a remand is necessary for de novo sentencing proceedings, we do not reach the merits of these contentions. We VACATE the sentence and REMAND this matter to the district court for resentencing.