936 F.2d 580
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Robert INGRAM, Defendant-Appellant.
 No. 90-30380.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1991.*
Decided June 11, 1991.
As Amended on Denial of Rehearing and Rehearing En Banc Aug.
15, 1991.
 Before EUGENE A. WRIGHT, FARRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Ingram pleaded guilty to being a felon in possession of a firearm and received a sentence of 27 months. The court departed upward increasing his criminal history category from category III to category V based on his prior criminal activity. He appeals his sentence and we affirm.
 
 STANDARD OF REVIEW
 
 3
 "The standard of review for departures from the Guidelines in this Circuit is unsettled." United States v. Martinez-Duran, slip op. No. 89-50583, 2279, 2283 (February 28, 1991).[1] We will review sentencing departures by a two-step process. First, we review de novo whether a departure is permissible on the grounds stated by the sentencing court. Second, we determine whether the sentence imposed was reasonable. United States v. Ward, 914 F.2d 1340, 1347 (9th Cir.1990)
 
 UPWARD DEPARTURE
 
 4
 Ingram contends that the court erred in departing upward because his parole violations were already taken into account by the Guidelines and because his prior charge for assault with a deadly weapon did not amount to a rare or unusual circumstance.
 
 
 5
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may depart. U.S.S.G. Sec. 4A1.3. The Guidelines specify that a court may rely on several factors including information concerning: (c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order and (e) prior similar adult criminal conduct not resulting in a criminal conviction. U.S.S.G. Sec. 4A1.3, p.s.
 
 
 6
 The court indicated that Ingram's three parole violations represented an inability to comply with an administrative order. Although the Guidelines consider revocation of parole in computing a defendant's criminal history, they do not take into account repeated parole violations for the same offense. U.S.S.G. Sec. 4A1.2(k). All three parole violations, in this case, stem from the same conviction and signify Ingram's inability to abide by administrative orders.
 
 
 7
 The court considered the charge of assault with a deadly weapon to be evidence of prior similar adult criminal conduct not resulting in a criminal conviction. Although Ingram pleaded guilty to burglary with a deadly weapon, the actual charge consisted of three burglary counts and assault with a deadly weapon. The court found this showed a propensity toward violence, a willingness to use force and as conduct similar to a felon possessing a firearm.
 
 
 8
 We conclude the court departed upward on permissible grounds.
 
 COMPARISON
 
 9
 Ingram argues that the court erred in departing without comparing him with other defendants whose histories place them in category V.
 
 
 10
 "In considering a departure under [4A1.3], the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." U.S.S.G. Sec. 4A1.3, p.s. The sentencing court need only utilize an analogy that is reasonable. United States v. Rodriquez-Castro, 908 F.2d 438, 443 (9th Cir.1990).
 
 
 11
 The court, reasoning by analogy, stated that if points were awarded for those offenses which resulted in no points, the appropriate category was category V. Ingram's prior conviction was based on a guilty plea to burglary with a deadly weapon. He was originally charged with three counts of burglary and assault with a deadly weapon. Although the burglary conviction was factored into Ingram's criminal history category, the assault and his parole violations were not. The court concluded that if these aspects of Ingram's criminal history were considered, his category was reflective of level V. This analogy was not unreasonable.
 
 MENTAL HEALTH AS A BASIS FOR DEPARTURE
 
 12
 Ingram contends that the court relied on an inappropriate factor, his alleged mental health condition, in departing from the Guidelines. "The need for psychiatric treatment is not a circumstance which justifies departure." United States v. Doering, 909 F.2d 392, 395 (9th Cir.1990).
 
 
 13
 Ingram's argument is based on the court's reference to his "mental health history," made in the context of its discussion of why it chose a sentence at the upper end of the range.[2] The court discussed its reasons for departure in a later paragraph:
 
 
 14
 "... the following specific aspects of the charged offense have not been adequately represented in the guideline range: There are three probation violations which are identified in the presentence report ... Now, also pursuant to 4(a)1.3 subsection (e), Court considers the charge of assault with a deadly weapon as prior similar adult criminal conduct not resulting in a criminal conviction."
 
 
 15
 When Judge Lovell focused on the reasons for departure, he did not mention Ingram's mental health. Ingram's argument is persuasive only if the court's reference to his condition is taken out of context.
 
 
 16
 In the final paragraph, the court referred to the fact that Ingram needed help for a longer period of time than he could receive under the pure guideline range. The help referred to, contrary to Ingram's contention, is the "help that he needs to cope with supervision upon his release." [Sentencing Transcript at 9.]
 
 REASONABLENESS OF DEPARTURE
 
 17
 Ingram's final argument is that the extent of the departure was unreasonable. A determination regarding the reasonableness of a sentence "is guided by the purposes of the sentencing and the reasons the sentencing court gave if it departed from the guidelines." United States v. Ramirez-Acosta, 895 F.2d 597, 602 (9th Cir.1990).
 
 
 18
 The court reasoned that Ingram represented a danger to society evidenced by his inability to abide by an administrative order and his prior similar conduct. The sentence imposed, while stringent, was not unreasonable in light of Ingram's criminal history.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This court, in United States v. Lira-Barraza, 897 F.2d 981 (9th Cir.1990), reh'g granted, 909 F.2d 1370 (1990), set forth a five step process of review. Because Lira-Barraza has been withdrawn pending rehearing en banc, we will apply the two-step review process in United States v. Ward, 914 F.2d 1340, 1347 (9th Cir.1990)
 
 
 [2]
 The court said:
 "The sentence that is imposed by the court considers the potential threat that the Defendant presents to the safety of the community, his lengthy history of inability to comply with the conditions of community release, and his mental health history. It is felt that a sentence of this length will offer some protection to society as well as allow the Defendant to begin to receive some help and assistance with his mental health problems." [Sentencing Transcript at 6.]