978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Raymond CROUCH, Defendant-Appellant.
 No. 91-10567.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Nov. 2, 1992.
 
 Before CHOY, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George R. Crouch appeals his sentence of 200 months imprisonment and five years of supervised release and his fine of $1 million on a conviction of possession with intent to distribute 24 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Specifically, Crouch, who is HIV-positive, appeals the district court's denials of (1) his request for a discretionary study of the adequacy of medical care he would receive in prison, (2) his request for a downward departure from the sentencing guidelines based on his poor health, and (3) the governments's motion for a downward departure based on substantial assistance. The district court had jurisdiction under 18 U.S.C. § 3231, and this court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the sentence and fine.
 
 I.
 
 3
 Title 18 § 3553(a) requires a court to consider certain specified factors when imposing a sentence. Among these factors is "the need for the sentence imposed ... to provide the defendant with needed ... medical care ... in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). When determining a sentence, a court that desires more information than is otherwise available to the court pertinent to a § 3553(a) factor "may order a study of the defendant." 18 U.S.C. § 3552(b). Therefore, while the district court's consideration of the adequacy of medical care that would be available to Crouch in prison was mandatory, the district court had discretion whether to order a presentence study relevant to that factor. The district court did not abuse that discretion here.
 
 
 4
 Crouch correctly points out that a district court must make factual determinations underlying application of the Sentencing Guidelines by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990). Crouch argues that the court did not have sufficient information to make a determination with respect to a § 3553(a) factor, and thus abused its discretion by not ordering a study. In particular, Crouch argues that because his medical condition is "unique" among HIV-positive individuals,[1] the court improperly relied upon Bureau of Prisons ("BOP") information that only described the HIV/AIDS treatment generally available through the BOP and that did not address Crouch's medical situation specifically.
 
 
 5
 We review findings of fact underlying a sentencing determination for clear error. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990); United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990). Under this standard, we " 'will not reject the district court's factual findings unless we are "left with the definite and firm conviction that a mistake has been made." ' " Upshaw, 918 F.2d at 791, quoting United States v. Zavala-Serra, 853 F.2d 1512, 1515 (9th Cir.1988), citing United States v. McConney, 728 F.2d 1195, 1202 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 6
 In determining that the sentence imposed would provide Crouch with the medical care he needs, the district court's ruling was not clearly erroneous. The court had detailed evidence from Crouch concerning his medical condition and regimen with which the judge could compare the BOP's general information explaining the treatment available to all incarcerated HIV/AIDS patients. Crouch has provided no legal justification--and we see none--for his argument that the district court should have relied only on information specific to Crouch, rather than the BOP's generalized information.
 
 II.
 
 7
 Crouch also argues that in deciding to deny his motion for a study, the court relied upon an impermissible factor. He notes that the court explicitly accorded, in its words, "a great deal of weight" to the government's argument that Crouch knew he was HIV-positive before becoming involved in the offense, and thus assumed the risk to his health inherent in the possibility of being brought to justice. Crouch essentially contends that because the district court is not required to consider this assumption of risk argument as a factor in sentencing, it may not consider it as a reason to reject a request for a discretionary study.
 
 
 8
 This contention is not supported by any legal justification. The only cases that Crouch cites are inapposite, because they concern courts' consideration of factors when deciding to depart upward from the sentencing guidelines. United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990) (court may base upward departure on factors not accounted for in sentencing guidelines but not on factors already implicitly accounted for; mixture of proper and improper reasons for upward departure demands reversal); United States v. Nuno-Para, 877 F.2d 1409 (9th Cir.1989). The situation in each of those cases, where the lower court was required to properly justify its upward departure, is not analogous to the discretionary denial of a study request. The Sentencing Act does not limit the information a sentencing court may consider when deciding whether it needs more information pertinent to a § 3553(a) factor.
 
 III.
 
 9
 Crouch further contends that the district court failed to comply with sentencing guidelines policy statement § 6A1.3 because the court did not notify him of its tentative findings with respect to his motions for a study and health departure. Section 6A1.3(b) provides that "[t]he court shall resolve disputed sentencing factors in accordance with [Fed.R.Crim.P. 32(a)(1) ], notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence."
 
 
 10
 In order to prevent surprise and provide a meaningful opportunity for comment, a court clearly must notify a defendant of factors that it considers grounds for upward departure. Nuno-Para, 877 F.2d at 1415; United States v. Ramirez Acosta, 895 F.2d 597, 600-01 (9th Cir.1990). But Crouch has put forth no legal justification for extending this requirement to discretionary refusals to order a study and to depart downward. Notice of a decision to stay within the guidelines would not serve any policy analogous to that underlying the notice requirement where a court intends to depart. Crouch in any case had actual notice during the month before the sentencing hearing that the court intended to deny the study request but would revisit the issue at the sentencing hearing. Moreover, Crouch did in fact present detailed health information to the court before sentencing, indicating that any lack of notice did not prejudice him.
 
 
 11
 We have considered and reject Crouch's additional arguments against the district court's denial of his study request.
 
 IV.
 
 12
 Crouch also appeals the district court's denial of his request for a downward departure from the sentencing guidelines for health reasons, as well as the district court's denial of the government's motion for a downward departure based upon substantial assistance. The district court's discretionary decision not to depart downward, and instead to impose a sentence within the applicable guidelines range, is not reviewable upon appeal. United States v. Morales, 898 F.2d 99, 101-03 (9th Cir.1990). In Morales, this court dismissed an appeal of a district court's discretionary refusal to depart downward based on the defendant's age and physical condition. The court held that in framing the statute that governs defendants' rights to appeal federal sentences, 18 U.S.C. § 3742(a), Congress did not intend to allow for appellate review of discretionary refusals to depart downward from the guidelines. Id. at 101-02.
 
 V.
 
 13
 Crouch argues in addition that the district court erred by failing to state its reasons for imposing a sentence at a particular point within the guidelines range, as 18 U.S.C. § 3553(c) requires where the span of the applicable sentencing range exceeds 24 months. Here, the applicable range was 188 to 235 months, thus § 3553(c) applies. Whether the district court failed to state its reasons for choosing a particular sentence within the sentencing range, as Crouch argues it did, is a question of law that we review de novo. Upshaw, 918 F.2d at 792.
 
 
 14
 Upshaw interprets § 3553(c)(1) to require a district court, when giving its reasons for fixing a particular sentence within an applicable range, to make a statement in open court that "expressly" considers the § 3553(a) sentencing factors. Id. at 793. Those factors include "individual considerations of background, character and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing." Id. at 792. The district court's statement of its reasons for sentencing Crouch to 200 months appears to be adequate under this court's interpretation of Upshaw in United States v. Johnson, 953 F.2d 1167 (9th Cir.1992). In Johnson, the district judge noted in his written Memorandum of Sentencing Hearing and Report of Statement of Reasons that the defendant had " 'committed four prior robberies, each one within a short time of release on previous robberies. All this was driven by a heroin addiction the def[endan]t has not been able to master. Protection of the public requires a sentence at the statutory maximum.' " Id. at 1173. The reviewing panel found that this statement complied with Upshaw 's substantive requirements. The district court's statement in sentencing Crouch, which referred specifically to his conduct, appears more similar to the court's statement in Johnson than the sentencing court's perfunctory statement found inadequate in Upshaw. Therefore, we find the district court's statement of reasons sufficient under § 3553(c)(1).
 
 VI.
 
 15
 Finally, Crouch asserts that the district court erred in fining him $1 million without considering the factors specified in 18 U.S.C. § 3572 and U.S.S.G. § 5E1.2. Title 18 U.S.C. § 3572(a) lists seven factors that, in addition to the sentencing factors identified in § 3553(a), a court "shall consider" in determining a fine. The factors relevant to this case include "the defendant's income, earning capacity, and financial resources," and "the need to deprive the defendant of illegally obtained gains from the offense." Title 18 U.S.C. § 3572(a). The sentencing guidelines provide that the court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The guidelines also set forth a list of factors (that partly coincides with the § 3572(a) list) that the court shall consider in imposing a fine. U.S.S.G. § 5E1.2(d).
 
 
 16
 Crouch contends that the district court erred in imposing a $1 million fine without making specific fact findings on each of the factors listed in § 3572(a) and § 5E1.2(d), and suggests that the court lacked sufficient financial data to make an appropriate fine determination. The question whether the guidelines require specific findings on each of these factors is a legal issue which we review de novo. United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990) (application of sentencing guidelines reviewed de novo); United States v. Kohl, 1992 W.L. 190287 (9th Cir.1992).
 
 
 17
 Crouch cites three cases which, as he asserts, support the proposition that a district court must make specific fact findings on each of the factors in order to permit effective review. United States v. Chorman, 910 F.2d 102, 114-15 (4th Cir.1990); United States v. Walker, 900 F.2d 1201, 1206-07 (8th Cir.1990); United States v. Paskett, 950 F.2d 705, 709 (11th Cir.1992). However, none of these cases is from the Ninth Circuit, and this circuit does not appear to apply such a stringent requirement. See United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991) (citing Eighth Circuit in Walker, 900 F.2d at 1206, but looking to evidence in record as a whole in finding that district court adequately considered all required factors rather than requiring a specific statement of findings on the factors).
 
 
 18
 Rather, this court in United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990), held that the defendant bears the burden of establishing his inability to pay a particular fine. Crouch failed to present any evidence demonstrating his inability to pay the $1 million fine. Furthermore, the record indicates that the court had sufficient evidence before it to make a judgment in accord with § 3572(a) and § 5E1.2. Crouch's own sentencing memorandum stated that his assets include three homes, two apartment buildings, three undeveloped parcels and two vehicles--in all of which he has an equity interest of about $2.8 million, and that the government seized from him $291,606 in cash and personal property worth $225,000. Thus, on the basis of the record, we conclude that the district court imposed a fine that adequately took into consideration the relevant required factors. No express statement of findings on the factors was required.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Crouch contends that his condition is unique because (1) even before becoming infected with HIV he suffered from an immune deficiency, and thus is at greater risk of developing infections than other HIV-positive persons, and (2) by following an atypical health regimen he has staved off the onset of AIDS for an unusually long period of time, about nine years