988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon Kay STOKES, Defendant-Appellant.
 No. 92-50266.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-91-0887-03-GT, Gordon Thompson, Jr., District Judge, Presiding.
 S.D.Cal.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 United States Customs inspectors at the Tecate, California Port of Entry uncovered 16.8 kilograms of marijuana in a hidden compartment in the spare tire well of a car driven by Stokes. The compartment contained seven packages of marijuana, a .45 caliber handgun, and two ammunition magazines wrapped in duct tape. The car was registered in the name of Stokes' passenger, Michael Anaya. Both Stokes and Anaya were arrested, as were two acquaintances in a similar car.
 
 
 3
 Stokes was indicted for importing, possessing, and intending to distribute marijuana. She pleaded guilty to a superseding information charging her with a misdemeanor, transhipment of marijuana in violation of 21 U.S.C. § 954.
 
 
 4
 Stokes missed her first sentencing hearing and was late to her second hearing. The district court continued the second hearing after ordering her to take a drug test. That drug test would later return positive. Stokes then failed to appear at the rescheduled hearing. A bench warrant was issued and she was arrested. When the sentencing hearing was finally held, the district court sentenced Stokes to a twelve-month term of imprisonment. In addition, the court imposed a three-year term of supervised release.
 
 
 5
 Stokes challenges her sentence, claiming that the district court did not give her adequate notice that it intended to depart upward from the range established by the Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part and reverse in part.
 
 
 6
 * "When reviewing departures from the sentencing guidelines, this court first determines whether the departure is permissible, and then determines whether the sentence imposed is unreasonable." United States v. Ramirez Acosta, 895 F.2d 597, 599 (9th Cir.1990); see also United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 
 7
 In her presentence report, Stokes' base offense level was calculated to be four and her criminal history as Category IV; thus, the applicable sentencing range was two to eight months. See U.S.S.G. § 2D3.4. Under the heading, "FACTORS THAT MAY WARRANT DEPARTURE," the presentence report noted that a two level increase might be warranted for the possession of a dangerous weapon during the commission of the offense. Although the presentence report recommended that the court deny a downward adjustment for acceptance of responsibility, it did recommend that a three-year term of probation be substituted under U.S.S.G. § 5C1.1(c)(2) in place of imprisonment.
 
 
 8
 Prior to the sentencing hearing, Stokes objected to the presentence report's recommendation that the court deny an adjustment for acceptance of responsibility. She made no other objections and did not contest any facts contained in the presentence report. Specifically, she failed to object to the suggestion that an upward departure might be warranted for possession of the handgun.
 
 
 9
 Noting Stokes' positive drug test, the court denied any downward adjustment for acceptance of responsibility. Instead, the court imposed an upward departure based on possession of the handgun and ammunition. Such a departure was within the court's discretion. Under section 5K2.6, the court may increase the sentence above the authorized range for possession of a dangerous weapon during the offense. Moreover, section 2D1.1(b)(1) suggests by analogy that a two level upward departure is reasonable. Stokes argues, however, that she did not have notice and opportunity to comment upon the upward departure.
 
 
 10
 18 U.S.C. § 3553(d) mandates that the court permit the government and the defendant to submit materials addressing the accuracy of the presentence report. See United States v. Nuno-Para, 877 F.2d 1409, 1415 (9th Cir.1989). Moreover, the notice requirements of Federal Rule of Criminal Procedure 32 apply to a departure from the Guidelines by the district court. Ramirez Acosta, 895 F.2d at 600. Rule 32(a)(1) requires that
 
 
 11
 the presentence report or the [sentencing] court ... inform the defendant of the factors that they consider to constitute grounds for departure. This requirement is not satisfied by the fact that the relevant information is in the presentence report. Rather, such information either must be identified as a basis for departure in the presentence report, or, the court must advise the defendant that it is considering departure based on a particular factor and allow defense counsel an opportunity to comment.
 
 
 12
 Id. This is not a case where the relevant information was merely present in the presentence report; rather, the information was clearly identified as a possible basis for departure. Cf. Nuno-Para, 877 F.2d at 1415. Moreover, Stokes was given a meaningful opportunity to comment on that factor before sentencing. See Ramirez Acosta, 895 F.2d at 600. Thus, Stokes had adequate notice under Rule 32.[1]
 
 
 13
 Stokes argues, however, that the court violated a local district rule by not indicating at the outset of sentencing that it was considering a departure. See General Rule 350(7), S.D.Cal. (May 1990). However, the court's failure to comply with Rule 350(7) did not prejudice Stokes. See In re Matter of Telemart Enterprises, 524 F.2d 761, 766 (9th Cir.1975), cert. denied, 424 U.S. 969 (1976). The presentence report provided Stokes with adequate notice of the possibility of a departure. Moreover, she had the opportunity to argue that an upward departure was not warranted under the circumstances of her case but failed to do so.
 
 II
 
 14
 Stokes contends, and the government concedes, that the district court erred by sentencing Stokes to three years of supervised release. The statutory maximum for a misdemeanor is one year of supervised release. See 18 U.S.C. § 3583(b)(3). Therefore, we vacate that portion of Stokes' sentence and remand for resentencing.
 
 
 15
 Accordingly, the district court's upward departure is AFFIRMED; the district court's imposition of three years supervised release is VACATED; and the case is REMANDED for resentencing in accordance with this decision.
 
 
 16
 FERGUSON, Circuit Judge, concurring and dissenting:
 
 
 17
 I concur in Part II of the majority disposition, but dissent from Part I. I find inadequate the notice provided to Stokes that her sentence would be increased because her co-defendant, without her knowledge, possessed an inaccessible gun.[1]
 
 
 18
 The majority disposition holds that the notice required by Federal Rule of Criminal Procedure 32 was provided in the presentence report. That notice was inadequate because 1) although the presentence report noted the availability of upward departure, the district court instead made an upward adjustment under a legally inapplicable section of the guidelines; 2) the presentence report, although mentioning the possibility of upward departure, recommended against it and in fact recommended downward departure; and 3) Stokes was entitled to rely on the district court's compliance with General Rule 350(7), S.D.Cal. (May 1990), in determining whether it was necessary to comment on the propriety of upward departure.
 
 
 19
 The content of the presentence report must be examined in some detail. The report explains that the guideline corresponding to the crime for which Stokes was convicted does not take into account the amount of marijuana involved or the presence of a weapon. See U.S.S.G. § 2D3.4. The report notes, however, that if Stokes had been convicted of the felony charge for which she was indicted, rather than the misdemeanor she pleaded to, the guidelines section corresponding to the felony offense could take those factors into account. See U.S.S.G. § 2D1.1. Guidelines section 2D1.1(b)(1) provides for a two level upward adjustment to the base offense level for possession of a dangerous firearm in committing the felony offense. No similar adjustment exists for the misdemeanor offense for which Stokes was convicted. A general guidelines policy statement, however, does authorize upward departure for possession of a weapon in the commission of an offense. See U.S.S.G. § 5K2.6, p.s.
 
 
 20
 The district court in this case did not depart upward on the basis of section 5K2.6. Instead, the district court increased Stokes' sentencing range by purporting to apply section 2D1.1(b)(1), the adjustment to the felony offense.[2] Because the district court upwardly adjusted Stokes' sentence under a guidelines provision that was neither legally available nor suggested in the presentence report, Stokes did not receive adequate notice of the possibility of that upward adjustment.
 
 
 21
 We have previously found such notice inadequate in a quite similar context. In United States v. Hedberg, 902 F.2d 1427, 1428-29 (9th Cir.1990), a defendant was given notice, through a government motion, about the potential for an upward adjustment to the base offense level. The Government had argued in its sentencing memorandum for an upward adjustment of the defendant's base offense level under U.S.S.G. § 3A1.1, which involves vulnerable victims. At sentencing, the district court found that adjusting the offense level upward under this section was inappropriate because the putatively vulnerable persons were not the technical victims of the crime, and thus the upward adjustment provision could not apply. The district court, however, decided to depart upward by analogy to the inapplicable upward adjustment.
 
 
 22
 We vacated the sentence because of inadequate notice, relying on the fact that the Government had requested an adjustment, not the departure by analogy to the adjustment which the district court in fact imposed: "The Government's Sentencing Memorandum did not contain a recommendation to the court that it should consider an upward departure. Instead, the Government argued that the [defendant's actions] would support adjustment to Hedberg's sentence within the Sentencing Guidelines." Id. The case at bar presents the flip side of Hedberg: Stokes arguably was given adequate notice about the possibility of upward departure by analogy to an upward adjustment provision of the guidelines, but she was not given adequate notice about the upward adjustment actually imposed. As in Hedberg, despite identification of the factual grounds for an increased sentence and notice that those facts might be used to increase the sentence, notice is inadequate if the defendant is not informed of the potential application of the guidelines provision that the district court actually uses to increase the sentence.[3]
 
 
 23
 The Second Circuit has succinctly recounted its application of this rule in summarizing a case in which it remanded due to inadequate notice:
 
 
 24
 In Kim, this court found that the presentence report did not give the defendant proper notice of an upward departure. The report identified the possibility of a departure under section 4A1.3 [for possession of counterfeit money], while the district court appeared to have departed [on those facts] based on part 5K. Because the judge departed on a legal ground different from that noticed in the presentence report, we spoke of the need for the court to warn the defendant of its intentions.
 
 
 25
 United States v. Contractor, 926 F.2d 128, 132 (2d Cir.1991) (citing United States v. Kim, 896 F.2d 678, 681 (2d Cir.1990)). Our precedent, and that of the second circuit, clearly demonstrate the inadequacy of notice arising from the district court's (improper) substitution of section 2D1.1(b)(1) adjustment in place of section 5K2.6 departure.
 
 
 26
 This error is by no means harmless. The section 2D1.1(b)(1) adjustment results in an automatic two-point increase imposed whenever a weapon is possessed in connection to the felony offense covered by section 2D1.1. Section 5K2.6, however, accords the district court the discretion to impose an upward departure "depend[ing] on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." U.S.S.G. § 5K2.6, p.s. The proper amount of departure should be determined in light of this language, along with other guidelines' provisions. See United States v. Lira-Barraza, 941 F.2d 745, 747-51 (9th Cir.1991) (en banc).
 
 
 27
 The inadequacy of notice is further accentuated by examining the entire context of the case. Several factors point to the overall inadequacy of notice; i.e., these factors contribute to the reasonableness of Stokes' decision that it was unnecessary to contest upward departure. First, although the presentence report noted the availability of upward departure on the basis of the gun, the report in fact recommended that there be no upward departure. Indeed, the report recommended there be a downward departure: the report urged the district court to depart below the two-month minimum term of imprisonment and instead substitute probation and counseling for any term of incarceration. Cf. United States v. Brady, 928 F.2d 844, 848 (9th Cir.1991) (holding Rule 32 notice to be inadequate when the district court denied the PSR's recommended downward adjustment for acceptance of responsibility; the PSR recommendation "led [the defendant] to believe that this issue would not be raised at the sentencing hearing.") Similarly, the government did not object to the presentence report's recommendation that there be no upward departure, and the government's recommended sentence of three months was below the permissible sentencing range resulting from a two-point upward departure. Although these factors are insufficient on their own to defeat what would otherwise be clearly adequate notice, they are relevant when the adequacy of notice is unclear.
 
 
 28
 Finally, General Rule 350(7), S.D.Cal. (May 1990) requires that the district court indicate at the outset of sentencing if it is considering departure. The district court's failure to comply with this rule is relevant for two reasons. First, the existence of Rule 350(7) plays a part in determining the adequacy of notice under Rule 32: Stokes is entitled in a context such as this to rely on the district court's compliance with a local rule when she decides whether to comment upon and contest the propriety or extent of upward departure.
 
 
 29
 Moreover, as the majority recognizes, failure to comply with a local rule is grounds for reversal if it prejudices the defendant. See In re Matter of Telemart Enters., 524 F.2d 761, 766 (9th Cir.1975), cert. denied, 424 U.S. 969 (1976). As explained above, Stokes was prejudiced because she did not receive adequate notice that she should contest the propriety of upward departure. She lost the opportunity to contest the use of an inapplicable section of the guidelines; she lost the opportunity to explain to the district court that it had discretion over the extent of departure; and she lost the opportunity to argue that departure was unwarranted because her co-defendant's possession of the gun was not reasonably foreseeable to her, as required by U.S.S.G. § 1B1.3(a)(1).
 
 
 30
 For these reasons, I would remand for resentencing, not only because of the improper length of supervised release, but also because of the improper upward adjustment of the sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The dissent suggests that this case presents the "flip side" of United States v. Hedberg, 902 F.2d 1427 (9th Cir.1990). We find Hedberg distinguishable. In that case, "the presentence report ... stated that '[t]here appear[ ] to be no specific factors which would warrant a departure from the established guidelines in this case.' Thus, it did not provide Hedberg with notice that the court would consider a departure from the Sentencing Guidelines." Id. at 1429. Here, unlike Hedberg, Stokes "was made aware by the presentence report that the district court would consider" departure. Id. That the government did not recommend departure does not obviate the fact that the presentence report clearly identified possession of a dangerous weapon as a factor that might warrant departure
 
 
 [1]
 Adequate notice is required not only for a departure from a guidelines sentencing range but also for an adjustment to the base offense level that is important to the sentencing determination. See U.S.S.G. § 6A1.3(a), p.s.; United States v. Brady, 928 F.2d 844, 847 n. 3. (9th Cir.1991)
 
 
 [2]
 The Excerpt of Record quotes the district judge as stating "THE COURT ... IS GOING TO DEPART UPWARD UNDER 2B1.1(B)(1), A TWO-LEVEL INCREASE IS WARRANTED." Presumably, this is a typographical error or misstatement and the intended reference is to U.S.S.G. § 2D1.1(b)(1)
 
 
 [3]
 This is the principle for which I introduce Hedberg, not, as the majority opinion implies, because the government in this case did not recommend departure