8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Don MAINARD, Defendant-Appellant.
 No. 92-10298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1993.*
Decided Sept. 20, 1993.
 
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jerry Don Mainard appeals his conviction and sentence under the Sentencing Guidelines for conspiracy and aiding and abetting the attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. Mainard contends that his conviction should be reversed because the district court erred by admitting evidence of other bad acts during his trial and because the district court's answer to the jury's question during its deliberation was inaccurate. Mainard challenges his sentence of 188 months in prison as improper on the grounds that the district court should have adjusted his base offense level for acceptance of responsibility.[1]
 
 A. Admission of Evidence
 
 3
 Mainard was arrested for drunk driving on October 12, 1991.[2] The arresting officer searched Mainard and found $929 in Mainard's pocket. During a search of Mainard's car, $93,000 was found. In its supplemental trial brief, the government expressed its intent to introduce evidence of the money at trial. It argued that the money tended to prove that Mainard was leading a conspiracy to manufacture a large amount of methamphetamine, requiring a significant amount of money to buy supplies and to hire assistants. Mainard objects that this was other bad act evidence under Fed.R.Evid. 404(b) that should not have been admitted.
 
 
 4
 As the district court said, there is nothing bad, as such, in having money. However, its possession was probative of the conspiracy charge itself. In that sense, the money was simply direct evidence, not other bad act evidence. See United States v. Butcher, 926 F.2d 811, 816 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2273, 114 L.Ed.2d 724 (1991); United States v. Aleman, 592 F.2d 881, 885 (5th Cir.1979).
 
 
 5
 Moreover, the evidence would satisfy the test for admissibility under Rule 404(b) because it tends to prove Mainard's opportunity and ability to engage in drug manufacturing, the arrest occurred during the conspiracy, and there is no question that Mainard possessed the cash. See United States v. Harrison-Philpot, 978 F.2d 1520, 1527 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993). The district court did not abuse its discretion. See United States v. Bibo-Rodriguez, 922 F.2d 1398, 1402 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991).
 
 B. Response to Jury's Inquiry
 
 6
 "[T]he district court has the responsibility to eliminate confusion when a jury asks for clarification of a particular issue." United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986), cert. denied, 479 U.S. 1086, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). "[T]he necessity, extent and character of supplemental instructions, lies within the discretion of the trial court." United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987) (quotation and citation omitted), cert. denied, 484 U.S. 1046, 108 S.Ct. 782, 98 L.Ed.2d 868 (1988).
 
 
 7
 Mainard argues that the district court's answer to the jury's question concerning Williams' plea bargain was inaccurate because the answer failed to comment on Williams' September arrest. The jury, however, did not ask about the consequences following Williams' September arrest. Rather, its question clearly focused on the consequences arising from Williams' role "in running this lab in Copperopolis." The district court's response addressed that issue accurately and there is no evidence that the jury was confused or dissatisfied. Moreover, counsel agreed to the answer. See Hayes, 794 F.2d at 1353. There was no error.
 
 C. Adequate Notice of Sentencing Factors
 
 8
 Mainard complains that he had insufficient notice that the judge may not grant him an acceptance of responsibility adjustment. We do not agree. The government's presentencing submission made it clear that it contested Mainard's receipt of that adjustment. See Burns v. United States, --- U.S. ----, 111 S.Ct. 2182, 2186-88, 115 L.Ed.2d 123 (1991); see also United States v. Hedberg, 902 F.2d 1427, 1429 (9th Cir.1990). Furthermore, Mainard's counsel's initial argument to the court at sentencing indicated that he knew the question was at issue. He addressed it. The government then responded, and both defense counsel and Mainard himself replied. The defense was prepared; it was not misled. Mainard was not wronged.
 
 D. Acceptance of Responsibility
 
 9
 The district court may deny the reduction for acceptance of responsibility based on the defendant's tendency to minimize his role in the offense. United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 10
 In denying the reduction, the district court stated:
 
 
 11
 The defendant has indicated that he has always admitted the crime and offered to plead guilty. He did rely on an entrapment defense at trial. The probation office noted and recommended that he receive a two-level decrease for the acceptance of responsibility based on his attitude, his statements to the probation officer and his--they don't refer to his testimony at trial, but we have observed the testimony at trial.
 
 
 12
 The Court is disinclined to provide a two-level reduction....
 
 
 13
 The district court did not accept the entrapment defense and took it as an attempt to shrug off personal responsibility. Indeed, at sentencing, Mainard's address to the court still tried to put off the major responsibility on Mr. Williams. That, the district court obviously found, was not an attempt to accept his own wrongdoing and shrive himself.
 
 
 14
 That conclusion was not clearly erroneous given that Mainard tended to minimize his role in the offense by insisting that he was a "technical advisor." See United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991); Corley, 909 F.2d at 362. Thus, the district court properly denied the reduction.
 
 
 15
 AFFIRMED on the issues decided in this disposition. However, the sentence is VACATED for the reasons set forth in our opinion which is filed simultaneously.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Thomas M. Reavley, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mainard also contends that the district court erred by enhancing his offense level for the use of special skills. We address that issue in a published opinion
 
 
 [2]
 The arrest date was during the time span of the conspiracy to manufacture methamphetamine