UNITED STATES of America,
Plaintiff—Appellee,

v.

William George HAYES, II,
Defendant—Appellant.

No. 01–10420.

D.C. No. CR–00–00058–ACK–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Dec. 13, 2002.

Before SCHROEDER, Chief Judge,
ALARCÓN and FISHER, Circuit Judges.

MEMORANDUM *

Defendant–Appellant, William George Hayes, II (*"Hayes"*), appeals the sentence imposed following his guilty plea to two counts of engaging in a sexual act with another person who was between the ages of twelve and sixteen and at least four years younger than the defendant, in violation of 18 U.S.C. § 2243(a). Hayes claims the district court judge's failure to advise him of the grounds for departure under the sentencing guidelines warrants vacating his sentence, and that the district court erred in applying upward departures for extreme psychological injury and under representation of criminal history.

Hayes had adequate notice of potential upward departures by virtue of the original presentence report. The report noted the grounds that warranted departure, by its revision of May 14, 2001, as did the government's May 11, 2001, recommendation for upward departure, which was supported by subsequent memoranda. Such means are appropriate for notifying the defendant. *See Burns v. United States,* 501 U.S. 129, 137, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). The notice in this case was timely, as it came before the outset of the sentencing hearing. *United States v. Hedberg,* 902 F.2d 1427, 1428 (9th Cir.1990). There was no objection, and no clear error. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

The district court did not err by departing upward under U.S.S.G. § 4A1.3 for underrepresentation of criminal history. There can be no doubt that Hayes's history of repeated sexual violations of his daughter and her friends put his case outside the heartland of statutory rape. That history was not taken into account by the criminal-history calculation and is well documented by the district court's findings.

The four-level upward departure under U.S.S.G. § 5K2.3 for extreme psychological injury also is fully supported. The district court relied not only on the statements of the victim but on the statements of her therapist as well. *See United States v. Chatlin,* 51 F.3d 869, 874 (9th Cir.1995). Given the facts and reasons cited by the district court, the four-level departure was neither arbitrary nor capricious. *See Koon v. United States,* 518 U.S. 81, 98–99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.